KARL O. WILHELM, as Administrator of the Estate of KARL A. WILHELM, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31819.)

LILLIAN B. TORTORELLA, as Administratrix of the Estate of JOSEPHINE BENI, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31820.)

LILLIAN B. TORTORELLA, as Administratrix of the Estate of SAVINO BENI, Deceased, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31821.)

MARION BENI, Appellant, v. STATE OF NEW YORK, Respondent. (Claim No. 31822.)

Third Department, April 23, 1959.

*Nathaniel Rubin* for Karl O. Wilhelm and another, appellants.

*Albert J. Drake* for Lillian B. Tortorella, appellant.

*Louis J. Lefkowitz, Attorney-General* (*Edwin R. Oberwager* and *Paxton Blair* of counsel), for respondent.

*Per Curiam.* Claims against the State based on alleged negligent maintenance of a highway by allowing dangerous accumulation of ice have been dismissed by the Court of Claims after a trial.

The existence of ice near the place of accident, sufficient in size and so located on the road as readily to be found hazardous, is established adequately in the record to justify a finding of negligence by the State; but the decisive question on appeal is whether this condition of ice was established as the cause of the accident on which the claims are based.

We reach the conclusion on the record that the Court of Claims on its determination of the facts was not required to find that this ice played any causative part in the occurrence of the accident; and that on the whole record the determination in favor of the State on which the judgments are based, is not against the weight of evidence.

The automobile driven by decedent Savino Beni was moving in a northerly direction on Route 9-W at the approach to the City of Albany in the afternoon of January 4, 1953. On the road near the southerly end of the viaduct over the Normanskill Creek was a patch of ice extending, at one point, over a substantial part of the northbound lane of the road. The ice

accumulated because surface water along the east side of the road south of the bridge did not run off freely.

There is adequate proof that when temperature conditions were appropriate this water froze and refroze on the road. There is proof that this patch of ice south of the bridge was 15 to 18 feet long and extended 6 to 8 or 10 feet at a maximum point, tapering on each side toward the center of the road which at that part was about 25 feet wide.

On the bridge itself, the roadway of which was bordered on both sides by sidewalks and gutters, ice accumulated in the gutters. There was proof that the court could accept as credible that in the east side gutter this ice extended one and one-half to two feet out into the roadway.

If the ice along the gutter on the bridge, rather than the patch extending from 6 to 10 feet out into the road at the approach to the bridge, could be found to have been a cause of the accident, the Court of Claims would be justified in dismissing the claims. It is substantially impossible to keep gutters entirely free from ice in winter; and the existence of ice on a 25-foot roadway, extending out not to exceed two feet or less in a gutter, would not be negligence; or, at least, need not be found by the trier of the facts to be negligence in the maintenance of the road.

The conclusion that the large patch of ice at the approach of the bridge played no part in the occurrence of this accident seems warranted. The Beni car was passing another car moving in the same direction just as the first car was approaching the bridge and passing over the large ice patch.

The driver of that car testified that the Beni car passed him and pulled to the right lane in front of him, and as it pulled in front of him the rear wheels of the Beni car skidded—not on the approach to the bridge—but on the bridge itself, and struck the curbing on the right, thus throwing the car out of control.

This started the chain of events by which the Beni car first ran over to the left of the bridge on the left sidewalk, grazing the left railing; and then made a sharp right angle turn across the bridge, crashed through the railing on the right side, approximately 210 feet from the south end of the bridge, and plunged into the ravine below.

There is proof from one witness that there was at least one area of ice on the bridge itself extending beyond the two-foot area away from the gutter; but the court was not required to find such an extension in the light of other apparently credible

observations by other witnesses; and the finding seems justified that to the extent ice helped cause the accident it was due to skidding in the area close to the curb on the bridge itself, as the Beni car regained the right lane after passing the car ahead of it. As to the ice at this location the Court of Claims was justified in holding that the State is not answerable in damages.

Appellants argue inconsistency in some of the findings of the court. One requires discussion. Claimants submitted a finding that the Beni car '' struck a patch of ice located on said Route 9-W at its approach to said Southern Boulevard Viaduct bridge and on said bridge, skidding first to the left and then to the right on said ice.''

It is clear from other findings ultimately embodied in the formal decision, that the court intended to find, and did find, that the skidding started on the bridge and not on the ice patch at the approach to the bridge.

The main issue here was whether the skidding was caused by a patch of ice at the approach of the bridge or to quite different ice conditions on the bridge. In response to such an issue, a finding in the form submitted by claimants referring to '' a patch of ice '' which was '' located '' both at its '' approach '' and '' on said bridge '', would be equivocal and inconclusive. In any event such a proposal, to the extent it would mean a finding that the skidding occurred at the approach of the bridge, would be unwarranted.

The judgments should be affirmed, without costs.

FOSTER, P. J., BERGAN, COON, GIBSON and HERLIHY, JJ., concur.

Judgments affirmed, without costs.