■ FREDERICK G. GOSLIN et al., Respondents, v. NINE PLATT CORPORATION, Appellant.— Appeal from a judgment of the Supreme Court, entered September 28, 1971 in Ulster County, upon a verdict rendered at a Trial Term in favor of plaintiffs. The action was brought to recover damages for personal injuries sustained by plaintiff husband and for loss of services by plaintiff wife as a result of an accident which occurred on March 7, 1967, when plaintiff husband slipped and fell on snow and ice as he was walking on a private sidewalk leading to the parking area on defendant's premises where he was a guest at the motor court. The evidence clearly created questions for the jury to decide. The proof establishes that on the morning of the accident, over two hours before it occurred, the manager of defendant's establishment observed ice spots in the general area and that the ice spot where plaintiff fell was approximately the full width of the sidewalk and was covered with a small amount of new fallen snow. The manager witnessed a maintenance employee put " ice foe " on the sidewalk more than two hours before the accident but did not check to see if the condition, which he admitted was dangerous, had been remedied. Other witnesses, including plaintiff, who it is undisputed was an invitee, testified as to the ice spot and the snow covering it. Actual knowledge of the condition was evident and whether it constituted an unusual danger to users was for the jury (*Sirk* v. *Central Lanes*, 28 N Y 2d 533, 534; *Buchaca* v. *Colgate Inn*, 296 N. Y. 790, 791; cf. *Doyle* v. *Streifer*, 34 A D 2d 183). The issue of contributory negligence was also for the jury, as it is in almost every case (*Wartels* v. *County Asphalt*, 29 N Y 2d 372, 379). Plaintiff, as a matter of law, did not have to detour or refrain from proceeding along the walk even if the evidence showed that he was aware of the condition. The verdict was not excessive. Judgment affirmed, with costs. Herlihy, P. J., Staley, Jr., Sweeney, Kane and Reynolds, JJ., concur.