■ SALOME SOTOMAYOR, Appellant, v. MANELL REALTY CORP., Respondent. — In a negligence action to recover damages for personal injuries, plaintiff appeals from a judgment of the Supreme Court, Kings County, entered

January 9, 1973, in favor of defendant, upon the trial court's dismissal of the complaint at the end of plaintiff's case at a jury trial. Judgment reversed, on the law, and a new trial granted, with costs to abide the event. The appeal did not present questions of fact. The evidence established that plaintiff, a tenant in defendant's apartment building, was injured by falling on a loose and broken step of the stairway leading to her apartment, that this dangerous condition had existed for at least 18 months before the accident, that defendant had actual and constructive notice of the condition and that plaintiff fell because part of her left foot became lodged in a break of the overhang of the step. Plaintiff had no means of going to and from her apartment except by using this stairway. She knew about this dangerous condition. At the time of the accident, however, she was not thinking of the defect. She testified: " All the time you don't have to watch the floor * * * Sometime you don't realize." In ascending or descending the stairway she would use the assistance of the bannister on the left side of the stairway about a foot from the break or crevice in the overhang, thus attempting to avoid any accident. That precaution did not prevent this accident, when her left foot became lodged in the break of the overhang of this " wobbly " step. The Trial Justice dismissed the complaint on the ground that plaintiff was guilty of contributory negligence as a matter of law in descending the step as she did. He believed she was required, as a matter of law, to descend the stairway on the extreme right (where there was no bannister) to avoid any possible contact with the break in the step. Under all the circumstances of this case, it is our opinion that the evidence presented a question of fact as to whether plaintiff was guilty of contributory negligence. The trial court, therefore, was in error in dismissing plaintiff's complaint as a matter of law (cf. *Palmer* v. *Dearing,* 93 N. Y. 7, 11; *Cesario* v. *Chiapparine,* 21 A D 2d 272, 275, 276; *Conway* v. *Naylor,* 222 N. Y. 437, 441). Rabin, P. J., Hopkins, Munder, Martuscello and Shapiro, JJ., concur.