■ JOSEPH PARKER, Respondent, v LAURENCE LOCKWOOD et al., Appellants.—Appeal from a judgment of the Supreme Court, entered February 18, 1975 in Albany County, upon a verdict rendered at a Trial Term in favor of plaintiff. The defendants appeal from a verdict rendered in favor of plaintiff for injuries allegedly sustained when he fell on the rear sidewalk of defendants' premises at 1034 Washington Avenue, Albany, New York. Plaintiff was a tenant of defendants at the time. Defendants claim that plaintiff failed to produce evidence sufficient to warrant a finding of negligence on their part with respect to maintenance of the sidewalk and that the proof of their notice of the alleged dangerous condition was insufficient. They also claim that plaintiff was contributorily negligent as a matter of law. Plaintiff's testimony was that as he was coming home from work on January 30, 1972, at approximately 9:30 P.M., he was caused to fall by ice on the sidewalk at the rear of defendants' premises. There was testimony from which the jury could have concluded that the ice was formed by the freezing of water which leaked from gutters on defendants' house. Plaintiff further testified that defendants, who had been in Florida for a considerable time prior to the accident, had been given actual notice of this condition. Additionally, the record is sufficient to establish that defendants in the exercise of due care should have had notice of the defect. Although plaintiff conceded that he shoveled the walk at times and even assisted defendants in attempting to repair the gutters, we disagree with defendants' argument that such evidence is sufficient to establish, as a matter of law, his contributory negligence at the time he fell. Plaintiff's knowledge of the condition is not conclusive on this issue (*Sotomayor v Manell Realty Corp.*, 42 AD2d 597) and, under the facts and circumstances herein, we find no reason to disturb the finding of the jury that plaintiff's own negligence did not contribute to the accident (41 NY Jur, Negligence, § 52; 5C Warren's, Negligence, Snow, Ice, Sleet, § 6.02). On this record, we cannot conclude that the trial court erred in failing to dismiss the complaint at the close of the proof or that the verdict was against the weight of the evidence presented to the jury. Judgment affirmed, with costs. Sweeney, J. P., Kane, Mahoney, Larkin and Herlihy, JJ., concur.