■ SHIRLEY M. HUDSON et al., Respondents, v UNION FREE SCHOOL DISTRICT No. 2, TOWN OF GEDDES AND TOWN OF CAMILLUS, Appellant.— Judgment unanimously affirmed, with costs. Memorandum: Plaintiff, Shirley Hudson, suffered severe injuries when on March 19, 1971 she fell in a parking lot owned by and under the control of the defendant school district. The accident occurred at 8:35 A.M. on a Friday morning when the plaintiff was on her way to attend a conference with her childrens' teachers. It was a cold day and there was an accumulation of snow. According to defendant's maintenance crew employees, it was their practice to pile snow on the southerly end of the parking lot. At this particular time in March there was a two-foot snowbank in that portion of the lot. A very slight grade running northerly took the run-off water from the snow bank to a catch basin located at the northerly end of the parking lot. The maintenance crew witness testified that the lot had a good runoff and did not require sanding. The plaintiff testified that the lot was frozen over. A nurse employed by the defendant went to attend the plaintiff as she was lying in the parking lot after the accident and stated that it was cold and close to freezing and that she saw ice on the parking lot near the plaintiff's body. A police officer called to investigate testified that he observed several patches of ice due to melting snow in the parking lot. One witness testified that she had observed ice patches scattered all over the parking lot on the Monday and Tuesday preceding the accident. Other witnesses testified that there were days during the week of March 19, 1971 when there was thawing and freezing. The trial court submitted this case to the jury on the question whether this

dangerous, icy condition had existed for a sufficient period of time prior to plaintiff's fall that the defendant should be charged with constructive notice of it. There was no exception or request made to the charge. The defendant's witnesses conceded that the area where the plaintiff fell was an icy patch, but stated that the rest of the parking lot was clear and dry with only a few patches of ice. While there is no set rule as to what constitutes a sufficient length of time for there to be constructive notice of an icy condition, we find that during this time in March when there were periods of thawing and freezing, the icy condition of the parking lot had existed for a sufficient length of time so as to make constructive notice of it a question of fact for the jury. "Constructive notice is a legal inference from established facts" *(Birdsall v Russell,* 29 NY 220, 249) and the facts here were sufficient to submit the issue of constructive notice to a jury *(Parker v Lockwood,* 52 AD2d 1005; *Kelsey v Port Auth. of N. Y. & N. J.,* 52 AD2d 801; *Young v City of New York,* 33 AD2d 915; 5C Warren's Negligence, Snow, Ice and Sleet, ch 75, § 1.05; 42 NY Jur, Notice and Notices, § 3). (Appeal from judgment of Onondaga Supreme Court—negligence.) Present—Moule, J. P., Cardamone, Simons, Mahoney and Dillon, JJ.