■ REGINALD GOMEZ, Respondent, v NEW YORK STATE THRUWAY AUTHORITY, Appellant.—Appeal from a judgment in favor of claimant, entered January 15, 1987, upon a decision of the Court of Claims (McMahon, J.).

Judgment affirmed, without costs, upon the opinion of Judge Thomas P. McMahon. Main, Mikoll and Yesawich, Jr., JJ., concur.

Kane, J. P., and Harvey, J., dissent and vote to reverse in a memorandum by Harvey, J. Harvey J. (dissenting). We respectfully dissent.

The Court of Claims concluded that the State had been negligent in failing to remove frozen snow from the median guide rail and that this was a substantial factor in aggravating claimant's injuries.

While the State is required to maintain its highways in a reasonably safe condition for those who obey the rules of the

road *(Matter of Friedman v State of New York,* 67 NY2d 271, 283), it is not an insurer of its highways *(Kissinger v State of New York,* 126 AD2d 139, 141). Maintenance of public highways is entrusted to the sound discretion of appropriate authorities *(Tomassi v Town of Union,* 46 NY2d 91, 97). Determining the scope of the duty owed must be done with an eye toward fiscal practicalities *(supra)* as well as an understanding of the realities of the problems caused by winter weather *(see, Wilhelm v State of New York,* 7 AD2d 558, 560).

Here, the State had cleared the snow from the highway, shoulders and bridges in accordance with its "winter maintenance guidelines". In our view, the Court of Claims is establishing an unreasonable burden upon the State and its taxpayers. There are thousands of miles of highway maintained by the State which are plowed to one extent or another frequently during the winter. To plow the highways without creating snowbanks along the sides thereof and without making access to guide rails unavailable would be an unreasonable fiscal burden. Consideration must also be given to the fact that under certain conditions any snowbank being run into by an automobile could cause the vehicle to tip over in the same manner as in the instant case.

We would reverse the judgment in favor of claimant, grant judgment in favor of the State and dismiss the claim.