■ CALLIE B. MARCELLUS, Respondent, et al., Plaintiff, v NATHAN LITTAUER HOSPITAL ASSOCIATION, Appellant.—Har-

vey, J. Appeal from a judgment of the Supreme Court (Walsh, Jr., J.), entered November 24, 1987 in Fulton County, upon a verdict rendered in favor of plaintiff Callie B. Marcellus.

Plaintiff Callie B. Marcellus (hereinafter plaintiff) testified that at approximately 5:00 P.M. on February 22, 1986 she slipped on ice and fell in the visitor's parking lot of the hospital operated by defendant. As a result of the fall, plaintiff suffered fractures of her right wrist. She subsequently commenced this action seeking compensation for damages allegedly sustained as a result of the fall. After hearing the evidence, the jury found that the condition of the parking lot was dangerous and that defendant's negligence was a proximate cause of plaintiff's fall. The jury determined that plaintiff was damaged in the amount of $135,000. It apportioned 15% of the negligence to plaintiff, thus reducing her recovery to $114,750. This appeal followed.

Defendant contends that plaintiff failed to establish a prima facie case of negligence. Analysis of a case involving a slip and fall in winter conditions starts with the well-settled principle that a party who possesses or controls real property is under a duty to exercise reasonable care under the circumstances (Basso v Miller, 40 NY2d 233). This standard must be applied with an awareness of the realities of the problems caused by winter weather (see, Denning v Pioneer Trailer Sales, 20 AD2d 846, 847; Wilhelm v State of New York, 7 AD2d 558, 560, lv denied sub nom. Beni v State of New York, 7 NY2d 711). Thus, there must be evidence that the presence of the snow or ice created a dangerous condition which defendant knew or in the exercise of reasonable care should have known existed (see, Hudson v Union Free School Dist. No. 2, 55 AD2d 1003; Goslin v Nine Platt Corp., 39 AD2d 986, lv denied 31 NY2d 643). A defendant is afforded a reasonable time after the cessation of the storm or temperature fluctuations which created the dangerous condition to exercise due care to correct the situation (Newsome v Cservak, 130 AD2d 637; Rothrock v Cottom, 115 AD2d 242, lv denied 68 NY2d 601).

Here, plaintiff and another witness testified with respect to patches of ice and unplowed areas in the parking lot on the day of plaintiff's fall. Meteorological evidence did not indicate any significant fluctuations in temperature nor significant precipitation on the day of the accident. Indeed, there had not been a snowstorm of more than two inches since a three-inch snowstorm almost a week before the accident. There was evidence that defendant had various personnel who were responsible for cleaning the parking areas and personnel who

patrolled the area to ascertain whether any conditions meriting attention were present. Upon review of the record, we are unable to conclude that there was not sufficient evidence before the jury to establish a prima facie case.

Defendant further contends that the jury award was excessive. Although a new standard of review for jury verdicts has recently been promulgated (see, L 1986, ch 682, § 10), this standard is inapplicable to the current case because it was commenced prior to the effective date of the new legislation. The appropriate standard of review, therefore, is whether the award was so excessive that it shocks the conscience of the court (see, e.g., Merrill v Albany Med. Center Hosp., 126 AD2d 66, 68, lv. denied 70 NY2d 669). Plaintiff was 60 years old at trial with a life expectancy in excess of 20 years. She is right handed and it was her right wrist and hand which were injured. The medical testimony established that plaintiff did not suffer merely a simple fracture, but several severe fractures. Plaintiff continues to feel pain caused by the injury and this pain is expected to be permanent. Plaintiff testified that she has lost some use of the hand, cannot carry on some of her household activities, can no longer play golf, and is unable to function fully at her job. Under these circumstances, we cannot say that the verdict shocks our conscience.

Judgment affirmed, with costs. Kane, J. P., Weiss, Mikoll, Harvey and Mercure, JJ., concur.