■ MARJORIE A. RUSSELL et al., Respondents, v A. BARTON HEPBURN HOSPITAL, Appellant, and NOTRE DAME CHURCH, Respondent. (And a Third-Party Action.)—Harvey, J. Appeal from an order of the Supreme Court (Duskas, J.), entered October 31, 1988 in Franklin County, which denied a motion by defendant A. Barton Hepburn Hospital for summary judgment dismissing the complaint against it.

On January 31, 1984 at approximately 11:00 A.M., plaintiff Marjorie A. Russell (hereinafter plaintiff) slipped and fell in a parking lot owned by defendant Notre Dame Church but leased and operated by defendant A. Barton Hepburn Hospital (hereinafter defendant). As a result of the fall, plaintiff suffered a fractured ankle as well as other injuries. She thereafter commenced this negligence action against defendant, alleging that defendant's parking lot was in a dangerous and

unsafe condition due to the accumulation of snow and ice on its surface. Defendant commenced a third-party action against Skelly Contractors, Inc., the company hired by defendant to provide snowplowing, snow removal and sanding/salting services of defendant's parking lots. Plaintiff also commenced a separate action against Notre Dame Church which was subsequently consolidated with her first. Defendant then moved for summary judgment dismissing plaintiff's complaint against it on the ground that it has no merit and failed to state any cause of action against defendant. This motion was denied and defendant now appeals.

We affirm. Summary judgment is a drastic remedy that "should not be granted where there is any doubt as to the existence of a triable issue" *(Moskowitz v Garlock,* 23 AD2d 943, 944; *see, Munzer v St. Paul Fire & Mar. Ins. Co.,* 145 AD2d 193). In its analysis of such a motion, a court must construe the facts in a light most favorable to the nonmoving party so as not to deprive that person his or her day in court *(see, Bershaw v Altman,* 100 AD2d 642, 643).

Here, plaintiff alleges that she injured her ankle due to the accumulation of snow and ice on the surface of defendant's parking lot. In a slip and fall case occurring in winter conditions, it is well settled that "a party who possesses or controls real property is under a duty to exercise reasonable care under the circumstances" *(Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681). To be liable there must be evidence that defendant knew or in the exercise of reasonable care should have known the icy condition existed *(supra,* at 681; *see, Fischer v Connor,* 111 AD2d 442, 443).

Defendant asserts that there was insufficient evidence to prove that it had constructive notice of or created any dangerous condition. We cannot agree. Although under prior law this case would present a classic instance of contributory negligence barring plaintiff's claim, under the modern principles of comparative negligence *(see,* CPLR 1411) a jury could conceivably find some basis for finding defendant to be negligent under the facts alleged. Accordingly, defendant's motion was properly denied.

Order affirmed, with costs to plaintiffs. Kane, J. P., Weiss, Mikoll, Levine and Harvey, JJ., concur.