■ MARGARET M. ROBILLARD, Respondent, v DEAN ROBBINS, III, et al., Appellants.—Mahoney, P. J. Appeal from a judgment of the Supreme Court (Doran, J.), entered December 5, 1989 in Schenectady County, upon a verdict rendered in favor of plaintiff.

Plaintiff sustained injuries to her upper back, neck, ribs and head when the automobile she was driving during a snowstorm on December 22, 1983 in an easterly direction on State Route 7 in the Town of Niskayuna, Schenectady County, was struck by a pickup truck operated by defendant Dean Robbins, III and owned by defendant Kelco Roofing and Sheet Metal Company, Inc. The truck, traveling west, had crossed the median and collided with plaintiff in the eastbound lane. Defendants' negligence is not at issue on this appeal.

Plaintiff was ambulanced to the hospital where she complained of pain in those areas of her body identified above. After X rays were taken, plaintiff's neck was placed in a collar and she was discharged. As a result of the accident plaintiff missed two weeks of work. On October 6, 1986, plaintiff commenced this action to recover for damages sustained in the accident. At trial plaintiff, a single parent with three children, testified that she was unable to perform ordinary household chores and that continued pain caused her doctor to prescribe that she refrain from her compensable employment. Plaintiff's doctor testified that plaintiff had a limited range of motion of her cervical spine and that there was tightness of

the muscles at the base of her neck and upper back between the shoulder blades. The medical expert further testified with reasonable medical certainty that it was his opinion that plaintiff suffered from permanent chronic cervical strain of the muscles of her neck and a loss of the cervical lordotic curvature due to muscle spasms. He added that plaintiff had suffered a permanent loss of use of a body function or system and a significant limitation of use of a body function or system. The doctor also testified that he had no reason to believe that there was a cause other than the December 22, 1983 accident for plaintiff's injuries and the permanency resulting therefrom. Defendants' trial counsel did not call an orthopedic surgeon who had examined plaintiff at the request of defendants to testify. The jury returned a verdict for plaintiff in the sum of $25,000 for preverdict damages and $150,000 for future damages. This appeal by defendants ensued.

Initially, we reject defendants' argument that Supreme Court improperly permitted plaintiff's medical expert to offer an opinion as to whether plaintiff sustained a serious injury within the meaning of Insurance Law § 5102 (d). That section defines a serious injury, in pertinent part, as a "permanent loss of use of a body organ, member, function or system" or a "significant limitation of use of a body function or system". Defendants' position is posited in its view that since it is within the common knowledge of the typical juror to determine (1) whether chronic cervical strain as described by the medical expert is a permanent loss of use of a body function or system, and (2) whether a particular injury is a significant limitation, it was reversible error by Supreme Court to permit affirmative expert opinion on these two issues before the same questions were presented to the jury for its resolution.

The courts of this State, including this court, have indicated that the determination of a "serious injury" pursuant to Insurance Law § 5102 (d) falls within the ambit of expert medical proof (see, Albanese v Stevens, 148 AD2d 805, 806; Kordana v Pomellito, 121 AD2d 783, 784, appeal dismissed 68 NY2d 848). Further, it is established in New York that the opinion of an expert on the ultimate issue of fact is admissible when it concerns a matter requiring professional or skilled knowledge such as medical conditions (see, Fisch, NY Evidence §§ 413, 422 [2d ed]). Indeed, the Court of Appeals has indicated that where a treating physician, in an affidavit on a summary judgment motion, expresses an opinion as to serious injury based on an adequate factual basis, credibility issues for a jury

are presented *(see, Lopez v Senatore,* 65 NY2d 1017, 1020). Thus, we do not find error in Supreme Court's decision to allow expert testimony on the ultimate issue of fact.

Next, we reject any contention that the verdict was against the weight of the evidence. We must review the evidence before the jury in the light most favorable to the party prevailing at trial *(see, Matter of Kornblum Metals Co. v Intsel Corp.,* 38 NY2d 376, 379). Upon review of the record and consideration of the arguments, we conclude that defendants are simply challenging the credibility of plaintiff and plaintiff's medical expert and that credibility is solely for the jury to determine *(see, Gem Jewelers v Dykman,* 160 AD2d 1069).

Turning to the issue of damages we conclude that the jury's assessment of damages for both preverdict damages ($25,000) and future damages ($150,000) does not deviate materially from what would be reasonable compensation (CPLR 5501 [c]). Further, this court has held that the strongest inference may be drawn against a defendant for failure to produce evidence on the issue of damages where the defendant produced no medical testimony although two physical examinations of the plaintiff were ordered *(see, Osowicki v Engert,* 85 AD2d 778, 779, *lv denied* 55 NY2d 608). Such inference is similarly applicable here. We further find no prejudice in the manner the jury was instructed on damages.

Judgment affirmed, with costs. Mahoney, P. J., Levine and Harvey, JJ., concur.

Kane and Weiss, JJ., dissent and vote to reverse in a memorandum by Kane, J. Kane, J. (dissenting). In our view, it was reversible error to permit plaintiff's medical expert to offer his opinion as to whether plaintiff's injuries satisfied the statutory standard required by Insurance Law § 5102 (d) *(see, People v Forcione,* 156 AD2d 952, *lv denied* 75 NY2d 919; *see also, Spokane & Inland Empire R. R. Co. v United States,* 241 US 344, 346-351). Two questions propounded to the expert were phrased in the identical language of the two questions submitted to the jury as special findings which they were instructed to answer in returning a verdict.

The specific questions and answers were as follows:

"Q. Doctor, based upon [your examination], do you have an opinion with reasonable medical certainty as to whether or not [plaintiff] has sustained a permanent loss of use of a body function or system? * * *

"A. Well, in this instance she has lost some function of her neck. I would have to say yes.

"Q. Do you have an opinion, Doctor, with reasonable medical certainty as to whether or not she sustained a significant limitation of use of a body function or system? * * *

"A. Significant limitation of use—

"Q. Of a body function or system.

"A. Yes, I have to say yes."

The instructions to the jury included a request for answers to the following questions: "Question #1: Has the Plaintiff, Margaret M. Robillard, as a result of the accident involved in this case, permanently lost the use of a body function or system?" "Question #2: Has the Plaintiff, Margaret M. Robillard, as a result of the accident involved in this case, sustained a significant limitation of use of a body function or system?"

We recognize that expert testimony often invades the province of the jury in arriving at conclusions based upon facts within the knowledge of the expert or from hypothetical questions, but New York law still requires that the testimony and conclusions of an expert witness drawn from facts must " 'depend upon professional or scientific knowledge or skill not within the range of ordinary training or intelligence' " (People v Cronin, 60 NY2d 430, 432, quoting Dougherty v Milliken, 163 NY 527, 533; see, 58 NY Jur 2d, Evidence and Witnesses, § 641). It is, therefore, internally inconsistent to permit the expert to perform the same function as the jury and, in our view, it must necessarily follow that if such testimony is otherwise allowed a jury is unnecessary. This court, as others, has recognized the problem in somewhat similar circumstances and disallowed language which is tailored to meet statutory requirements in affidavits of medical witnesses upon motion for summary judgment (see, Lopez v Senatore, 65 NY2d 1017; Cammarere v Villanova, 166 AD2d 760; Grotzer v Levy, 133 AD2d 67, lv denied 70 NY2d 611).

Accordingly, since the jury was asked to answer the same questions as the expert, those questions must be construed as seeking information not beyond the ken of the average person, and thus improperly propounded to an expert witness (see, Kulak v Nationwide Mut. Ins. Co., 40 NY2d 140, 147-148). We would therefore reverse the judgment in favor of plaintiff and direct a new trial.