■ MARJORIE A. RUSSELL et al., Respondents, v A. BARTON HEPBURN HOSPITAL, Appellant. (And a Third-Party Action.)— Weiss, J. P. Appeals (1) from a judgment of the Supreme Court (Duskas, J.), entered June 11, 1990 in Franklin County, upon a verdict rendered in favor of plaintiffs, and (2) from an order of said court, entered June 11, 1990 in Franklin County, which denied defendant's motion to set aside the verdict.

On the trial of this personal injury action commenced to recover damages when plaintiff Marjorie A. Russell (hereinafter plaintiff) fractured her right ankle while walking to her automobile in defendant's parking lot, the jury awarded damages of $200,000 to plaintiff and $25,000 to her husband on his derivative cause of action, without apportionment of liability. Supreme Court thereafter denied defendant's motion for judgment notwithstanding the verdict or, in the alternative, to set aside the verdict as against the weight of evidence and for excessiveness. These appeals ensued.

Defendant first contends that plaintiff failed to present a

prima facie case of negligence because there was no proof of a breach of duty or that any breach of duty was the proximate cause of plaintiff's injury. It is conceded that defendant, as owner of the land, owed a duty of reasonable care under the circumstances *(see, Basso v Miller,* 40 NY2d 233, 241). In a case with strikingly similar facts, this court held that the landowner's duty "must be applied with an awareness of the realities of the problems caused by winter weather" *(Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681) and that "there must be evidence that the presence of the snow or ice created a dangerous condition which defendant knew or in the exercise of reasonable care should have known existed" *(supra).* In *Marcellus v Littauer Hosp. Assn. (supra)* we concluded that there was sufficient evidence to establish the defendant's liability.

In our review of the record here, we find that plaintiff and her daughter described the parking lot surface as having ruts and lumps of ice which looked as though snow had melted and frozen where cars had driven, that its surface was covered with ice, that the snow and ice were dirty, and that after plaintiff hurt herself defendant's employees encountered difficulty pushing her gurney because of the "ice and curves and humps in the road [from the] build-up of snow and ice". Bernard Boyer, defendant's former maintenance director, testified that defendant employed a plowing and snow removal contractor who applied sand and salt but who was not directed to "scrape down" or remove ice from the surface. Edward Skelly, the contractor, testified that he plowed when two or more inches of snow had fallen, but that he was neither instructed nor required to remove ice. He also testified that he had plowed on the day prior to the incident. The testimony of Boyer and Skelly also showed that it was not unusual for cars to be left parked in the lot by defendant's employees, visitors, people from an adjoining church and neighbors, all of which impeded the plowing and snow removal. At a minimum, this proof formed a sufficient basis upon which the jury could find defendant negligent *(Russell v Hepburn Hosp.,* 154 AD2d 796, 797).

Nor do we find convincing defendant's contention that there was no proof of proximate cause, i.e., how the accident happened or what the condition of the lot was at the point where the accident occurred. Because the mere happening of the accident does not establish liability on the part of defendant *(see, Lewis v Metropolitan Transp. Auth.,* 99 AD2d 246, 251, *affd* 64 NY2d 670), plaintiff was required to connect her injury

to a breach of duty by defendant and to show that defendant's acts were "a substantial cause of the events which produced the injury" *(Derdiarian v Felix Contr. Corp.,* 51 NY2d 308, 315; *accord, Amedure v Standard Furniture Co.,* 125 AD2d 170, 173). However, in meeting this burden, plaintiff was only required to demonstrate that the accident was "a natural and probable consequence of the conditions present" in the parking lot at that time *(Gordon v American Museum of Natural History,* 67 NY2d 836, 838; *see, Weisenthal v Pickman,* 153 AD2d 849, 852). The testimony of plaintiff and her daughter established that the surface conditions in the specific area of her accident were the same as described in the rest of the parking lot. In addition, plaintiff's physician opined that the injury sustained is usually produced by an unstable surface which would permit the foot and ankle to slip sideways or rotate so that a bone could break or ligaments be torn by the foot twisting outward violently. In sum, the proof was sufficient to enable the jury to find a connection between the icy condition on the surface of the lot and plaintiff's resultant fall and injury.

In reviewing the evidence in the light most favorable to plaintiff, who prevailed at trial *(see, Robillard v Robbins,* 168 AD2d 803), we find equally unpersuasive defendant's next argument that the jury's failure to apportion liability against the contractor and plaintiff was against the weight of the evidence. Both Skelly and Boyer testified that there was no requirement to remove ice from the parking lot surface. Although Skelly testified that he had plowed and spread salt and sand, both plaintiff and her daughter testified that the lot was covered with a surface of ice, ruts and chunks of ice. This conflict in proof merely presented a factual issue to be resolved by the jury *(see, Gem Jewelers v Dykman,* 160 AD2d 1069). Nor has defendant satisfactorily demonstrated that plaintiff was guilty of culpable conduct which caused or contributed to the happening of the accident *(see, Grimaldi v Finch,* 99 AD2d 920, 922). We further reject defendant's argument that our previous decision in this case somehow established, as the law of this case, that plaintiff was guilty of some degree of comparative negligence *(Russell v Hepburn Hosp., supra).* There was neither a presentation of facts necessary to establish plaintiff's comparative negligence nor was that issue addressed in our rejection of the summary judgment motion which would trigger the law of the case doctrine *(see, White v State of New York,* 167 AD2d 646).

Finally, we reject the contention that the award of damages

was excessive; it did not deviate materially from what would be reasonable compensation *(see,* CPLR 5501 [c]; *Robillard v Robbins, supra).*

Judgment and order affirmed, with costs. Weiss, J. P., Yesawich, Jr., Levine, Mercure and Harvey, JJ., concur.