■ SHEILA D. DYKSTRA et al., Respondents, v WINDRIDGE CONDOMINIUM ONE, Appellant. (And a Third-Party Action.)— Harvey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from an order of the Supreme Court (Green, J.), entered May 1, 1990 in Orange County, which, inter alia, granted summary judgment to plaintiffs.

On February 7, 1986 at approximately 6:15 A.M., plaintiff Sheila D. Dykstra (hereinafter plaintiff) slipped and fell on an ice-covered sidewalk on defendant's property in the Town of Monroe, Orange County. Plaintiff sustained personal injuries as a result of this fall and, thereafter, she and her husband commenced this action against defendant. Following joinder of issue and discovery, defendant moved for summary judgment. In their papers opposing defendant's motion, plaintiffs also requested summary judgment relief. Supreme Court denied defendant's motion and granted summary judgment in plaintiffs' favor on the issue of liability. This appeal by defendant followed.

Defendant's sole contention on appeal is that Supreme Court erred in granting summary judgment to plaintiffs because triable questions of fact allegedly exist on the issue of liability that must be resolved at trial. We agree. Summary judgment is an extraordinary remedy which should not be granted where there is any possible doubt as to the existence

of a triable or arguable issue *(see, Passonno v Hall,* 125 AD2d 767).* In considering such a motion it is our duty to view all competent evidence in the light most favorable to the party opposing the motion so as not to deprive that party of his or her day in court *(supra; see, Russell v Hepburn Hosp.,* 154 AD2d 796, 797).

To be entitled to summary judgment in a slip and fall case such as this, it was incumbent upon plaintiffs in the first instance to establish as a matter of law that defendant knew, or in the exercise of reasonable care should have known, that an icy condition existed on the walkway and did not take steps to alleviate it within a reasonable period of time *(see, Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681; *see also, Russell v Hepburn Hosp.,* 173 AD2d 985). Significantly, while the affidavits and evidence submitted on plaintiffs' behalf indicate that the area where plaintiff fell was covered with ice when she fell and tenants and visitors to the building had witnessed this condition, the proof submitted does not decisively establish for summary judgment purposes that defendant's agents had actual or constructive notice of this condition. Plaintiffs' proof is simply too vague to mandate such a finding as a matter of law. In addition, there are still unresolved questions pertaining to the weather conditions in the area at the time of the accident. Accordingly, summary judgment should not have been awarded to plaintiffs.

Mahoney, P. J., Casey, Weiss and Mikoll, JJ., concur. Ordered that the order is modified, on the law, with costs to defendant, by reversing so much thereof as awarded summary judgment to plaintiffs, and, as so modified, affirmed.