■ BIENVENIDO R. BALMACEDA, Respondent, v TERRY PEREZ, Appellant.—Casey, J. Appeal (transferred to this court by order of the Appellate Division, Second Department) from a judgment of the Supreme Court (Owen, J.), entered October 15, 1990 in Orange County, upon a verdict rendered in favor of plaintiff.

Plaintiff in this negligence action was a pedestrian when he was struck by defendant's vehicle in the City of Newburgh, Orange County. After a trial, the jury found defendant 100% liable for the accident and awarded plaintiff the sum of $600,000 as damages. On this appeal, defendant challenges the amount of the damage award.

When plaintiff was knocked down by defendant's vehicle, he immediately felt pain in his low back and left shoulder. He remembers nothing until waking up in the emergency room. After the emergency room treatment, plaintiff came under the care of an attending physician who sent him for various tests and physical therapy. Over a period of 35 days plaintiff claimed that his pain was not alleviated, causing him to seek the services of another physician, Salvatore Frustace. The injection administered by Frustace gave only temporary relief. Plaintiff testified that his activities were restricted and he could not participate in social and athletic activities or work. The services of Frustace were discontinued and the services of yet another physician, Sheldon Katz, were sought. Katz surgically removed a part of a herniated disc from plaintiff's back between levels 4 and 5 of the lumbar spine. For a time after the operation plaintiff's back condition "calmed down", but worsened again up to the time of trial, as found by Frustace who examined plaintiff the day before he offered his testimony. Frustace attributed the worsened condition to scarring and chronic inflammation, and it was his opinion that the condition would continue to worsen. As to loss of earnings, plaintiff claimed that he was unable to work since the date of the accident. Plaintiff had been a carpet layer since 1971 and stated that he averaged between $300 and $500 a week in gross pay. No documents to support this claimed loss were submitted. One thousand dollars of the jury's verdict was attributed to loss of earnings until the date of the verdict, $500 to pain and suffering, $399,000 to loss of future earnings, and $199,500 to future pain and suffering, for a total of $600,000.

In our view, a modification is required. Although Supreme Court properly instructed the jury on the future earnings capacity of plaintiff, we must determine whether the jury's

award deviates materially from reasonable compensation *(see, Russell v Hepburn Hosp.,* 173 AD2d 985; *Robillard v Robbins,* 168 AD2d 803, *affd* 78 NY2d 1105). The law requires that loss of future earnings or earning capacity be established with reasonable certainty *(Kirschhoffer v Van Dyke,* 173 AD2d 7). Defendant argues that plaintiff's evidence was too speculative to support any such award, and that an award of $399,000 is excessive considering the scant proof offered by plaintiff on this issue. We agree that the award was excessive given the evidence presented *(see, Collins v McGinley,* 158 AD2d 151, *appeal dismissed* 77 NY2d 902, 78 NY2d 1002). The proof, however, was sufficient to present the issue of future earnings to the jury for resolution. Plaintiff's unsupported testimony placed his salary between $300 and $500 per week. Plaintiff's medical expert testified that plaintiff could no longer perform work that required lifting and bending. The actuarial tables submitted to the jury project defendant's work expectancy to be 11½ years. Based upon our review of the evidence, we conclude that the amount of $250,000 is the highest amount of compensation allowable for impairment of plaintiff's earning capacity.

Defendant's next claim is that Supreme Court committed reversible error by allowing plaintiff's medical expert to testify about his final examination of plaintiff, an examination that was not reported to defendant. We find this claim to be without merit. Defendant was given the opportunity to have a doctor reexamine plaintiff, but he did not avail himself of this opportunity. Defendant was not surprised or prejudiced by the testimony of the undisclosed examination *(see, Johnson v School Dist.,* 83 AD2d 931), inasmuch as plaintiff's injuries had not changed but, rather, increased in their severity.

Finally, Supreme Court properly refused to set aside the verdict because of alleged juror confusion and inconsistent juror interrogatory answers. In this regard, defendant argues that it is legally impossible to award plaintiff only $500 for pain and suffering for the three years following the accident and then award $199,500 for the remaining 25 years of plaintiff's expected life, and claims error in Supreme Court's failure to require the jury to further consider the answers to its interrogatories or to order a new trial on the issue of damages. We find the jury's verdict reasonable inasmuch as plaintiff's medical expert testified that plaintiff's condition would get worse over time. The overall verdict on this issue accorded with the evidence and did not reflect substantial

confusion that would require the verdict to be set aside *(see, Salazar v Fisher,* 147 AD2d 470, 471).

Weiss, P. J., Levine, Mercure and Mahoney, JJ., concur. Ordered that the judgment is modified, on the law and the facts, and a new trial ordered only with respect to the issue of damages that were awarded to plaintiff for loss of future earnings unless, within 20 days after service of a copy of the order herein, plaintiff stipulates to reduce the verdict for loss of future earnings to $250,000, in which event the judgment, as so reduced, is affirmed, without costs.