■ VALERIE A. BYRD, Appellant, v CHURCH OF CHRIST UNIT-

ING, Respondent, et al., Defendant. [597 NYS2d 211] —Crew III, J. Appeals (1) from an order of the Supreme Court (Thomas, J.), entered August 22, 1991 in Otsego County, which, *inter alia,* granted defendant Church of Christ Uniting's motion for summary judgment dismissing the complaint against it, and (2) from an order of said court, entered June 11, 1992 in Otsego County, which, upon renewal, adhered to its prior decision.

On January 2, 1987, plaintiff attended a meeting conducted by defendant Opportunities of Otsego, Inc. at facilities owned by defendant Church of Christ Uniting (hereinafter defendant). At approximately 11:00 A.M., plaintiff exited defendant's building and slipped and fell in defendant's parking lot, thereby sustaining various injuries. Plaintiff thereafter commenced this action against, among others, defendant alleging that the parking lot was in a dangerous and unsafe condition due to the accumulation of ice on its surface. Following joinder of issue, defendant moved for summary judgment dismissing plaintiff's complaint on the grounds that plaintiff had failed to establish what caused her to fall and/or that defendant had actual or constructive notice of the allegedly dangerous condition existing at the time of plaintiff's accident. Supreme Court granted defendant's motion, finding that plaintiff had failed to establish that defendant had actual or constructive notice of the slippery conditions that allegedly caused her fall. Although plaintiff's motion to renew was granted, Supreme Court ultimately adhered to its prior decision. These appeals by plaintiff followed.

We affirm. Defendant, as the owner of the premises, had a duty to exercise reasonable care under the circumstances *(see, Basso v Miller,* 40 NY2d 233, 241; *Marcellus v Littauer Hosp. Assn.,* 145 AD2d 680, 681). In order to impose liability upon defendant, there must be evidence that defendant knew, or in the exercise of reasonable care should have known, that an icy condition existed in its parking lot *(see, Dykstra v Windridge Condominium One,* 175 AD2d 482, 483; *Russell v Hepburn Hosp.,* 154 AD2d 796, 797; *Marcellus v Littauer Hosp. Assn., supra,* at 681; *see also, Lowrey v Cumberland Farms,* 162 AD2d 777, 778). Additionally, "[a] party in possession or control of real property is afforded a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous condition to exercise due care in order to correct the situation" *(Porcari v S.E.M. Mgt. Corp.,* 184 AD2d 556, 557; *see, Marcellus v Littauer Hosp. Assn., supra).*

Here, the proof submitted by defendant in support of its motion for summary judgment dismissing the complaint established that plaintiff did not know what caused her to fall and that her accident occurred shortly after it began snowing. The burden therefore shifted to plaintiff to establish that defendant knew, or in the exercise of reasonable care should have known, that an icy condition existed in its parking lot and that defendant failed to take steps to alleviate that condition within a reasonable period of time *(see, Dykstra v Windridge Condominium One, supra,* at 483).

Assuming, arguendo, that plaintiff's proof in opposition established that an icy condition existed in the parking lot in which she fell and that said condition was the proximate cause of plaintiff's fall *(cf., Russell v Hepburn Hosp.,* 173 AD2d 985, 986-987), we are of the view that plaintiff has failed to establish that defendant had actual or constructive notice of this alleged condition. It is apparently undisputed that none of defendant's personnel were present on the morning of the accident, and the record does not indicate that anyone from Opportunities of Otsego, Inc. notified defendant's personnel of any problem with the parking lot. Thus, it would appear that defendant did not have actual notice of any dangerous condition existing in the parking lot. In order for defendant to be charged with constructive notice, the allegedly dangerous condition must have been visible and apparent, and it must have existed for a sufficient period of time prior to plaintiff's accident to allow defendant's personnel to discover and remedy it *(see, Gordon v American Museum of Natural History,* 67 NY2d 836, 837; *Paciocco v Montgomery Ward,* 163 AD2d 655, 656, *lv denied* 77 NY2d 808).

Viewing the evidence in the light most favorable to plaintiff *(see, Dykstra v Windridge Condominium One, supra),* plaintiff's proof would tend to establish that the icy condition was present approximately two hours before plaintiff's accident and that it began snowing approximately 15 minutes before plaintiff slipped and fell in the parking lot. Under the particular facts of this case, we are of the view that plaintiff's proof is insufficient to establish that defendant had constructive notice of the alleged condition *(cf., Preuschoff v Wank,* 16 AD2d 690).

Mikoll, J. P., Levine, Casey and Harvey, JJ., concur. Ordered that the orders are affirmed, with costs.