■ ROBERTA RUNDQUIST et al., Appellants, v ADOLPH J. COLLETTI et al., Individually and Doing Business as MADBROOK ASSOCIATES, Defendants and Third-Party Plaintiffs-Appellants-Respondents. NEW YORK CENTRAL MUTUAL INSURANCE COMPANY, Third-Party Defendant-Respondent. [655 NYS2d 451]
—Cardona, P. J. Appeals (1) from an order of the Supreme Court (Ingraham, J.), entered November 22, 1995 in Chenango County, which, *inter alia*, granted third-party defendant's motion for summary judgment dismissing the third-party complaint, and (2) from an order of said court, entered February

27, 1996 in Chenango County, which, upon reargument, granted defendants' cross motion for summary judgment dismissing the complaint.

On January 25, 1991, plaintiff Roberta Rundquist, an employee of third-party defendant, sustained injuries when, after leaving work, she slipped and fell on ice in the parking lot of premises owned by defendants and located in the Village of Sherburne, Chenango County. The premises were under lease to third-party defendant at the time of the accident. Rundquist and her husband commenced this personal injury and derivative action against defendants alleging negligent maintenance of the parking lot. Defendants commenced a third-party action against third-party defendant. After joinder of issue, third-party defendant moved for summary judgment dismissing the third-party complaint and defendants cross-moved for summary judgment dismissing the complaint. Supreme Court, *inter alia*, granted third-party defendant's motion and denied defendants' cross motion. Defendants moved to reargue. Supreme Court granted reargument and modified its earlier decision by granting defendants' cross motion for summary judgment. Plaintiffs and defendants appeal.*

It is settled law that a property owner is not liable for injuries resulting from a dangerous condition upon property unless the owner creates the dangerous condition or has actual or constructive notice of the same and fails to exercise reasonable care to remedy the condition (*see generally, Diehr v Association for Retarded Citizens*, 233 AD2d 818; *Boyko v Limowski*, 223 AD2d 962; *Decker v Smith*, 217 AD2d 776; *Byrd v Church of Christ Uniting*, 192 AD2d 967). Rundquist testified at her examination before trial that she left her office at around 4:00 P.M. on January 21, 1991 to go to her car which was parked at the edge of the parking lot. She stated that she walked in front of her car on some ice and snow to clean speckles of frozen ice off her windshield. She further indicated that when she attempted to walk around to the passenger side of the vehicle, she fell on ice. She described the ice as having melted from a snow bank which was approximately two inches high in front of her car. She stated that she had previously reported the slippery condition of the parking lot to her supervisor at third-party defendant; however, there was no proof that defendants were notified of the allegedly dangerous condition.

---

* Defendants appeal from Supreme Court's order entered November 22, 1995, arguing, *inter alia*, that the third-party complaint was improperly dismissed. Plaintiffs appeal from the subsequent order entered February 27, 1996.

Under the terms of its lease with third-party defendant, defendants were obligated to plow the parking lots of the premises and keep them free of ice and snow. While it is not clear whether defendants ceased plowing the parking lot subsequent to January 12, 1991 in reliance upon third-party defendant's alleged oral agreement to take over this responsibility, Rundquist stated that the parking lot had been plowed on the date of her accident. Based upon the above facts and this record, we find insufficient evidence to demonstrate that defendants had either actual or constructive notice of the icy condition which allegedly caused Rundquist's fall. Furthermore, to the extent that plaintiffs argue that the dangerous icy condition may have been caused by the winter storm which deposited ice speckles on Rundquist's windshield, plaintiffs have not established that defendants neglected to remedy this condition within a reasonable time after the cessation of the storm (see, Zima v North Colonie Cent. School Dist., 225 AD2d 993, 994; Downes v Equitable Life Assur. Socy., 209 AD2d 769; Fusco v Stewart's Ice Cream Co., 203 AD2d 667, 668). Finally, there was no proof, beyond pure speculation, that negligent plowing created the allegedly dangerous icy condition. Therefore, we find that Supreme Court properly granted defendants' cross motion for summary judgment dismissing the complaint.

The disposition concerning the dismissal of the claims against defendants renders the appeal from the order entered November 22, 1995 academic. It is, accordingly, dismissed.

Mercure, White, Yesawich Jr. and Peters, JJ., concur. Ordered that the order entered February 27, 1996 is affirmed, without costs. Ordered that the appeal from order entered November 22, 1995 is dismissed, as academic, without costs.