George A. TAYLOR and Sally
Taylor, Plaintiffs,

v.

UNITED STATES of America,
Defendant.

No. 95–CV–349.

United States District Court,
N.D. New York.

July 14, 1999.

Elkind, Flynn & Maurer, White Plains,
New York, Ira Maurer, of counsel, for
plaintiffs.

Hon. Thomas J. Maroney, United States
Attorney for the Northern District of New
York, Syracuse, New York, for defendant,
William F. Larkin, Assistant U.S. Attor-
ney, Ira Maurer, of counsel.

## MEMORANDUM–DECISION and ORDER

MUNSON, Senior District Judge.

Plaintiffs George A. Taylor ("Taylor")
and Sally Taylor bring this action under
the Federal Torts Claims Act ("FTCA"),
28 U.S.C. §§ 2671, *et seq.,* to recover dam-
ages related to personal injuries Mr. Tay-
lor sustained on February 4, 1994 while
entering the Cicero–Clay Post Office in
Cicero, New York. Defendant denies any
negligence.

Pursuant to 28 U.S.C. § 2402, this action
was tried without a jury commencing No-
vember 16, 1998 in Syracuse, New York.
Prior to trial, the parties filed proposed
findings of fact and conclusions of law. At
trial, plaintiffs testified on their own be-
half, together with Dr. Seth Greenky. De-
fendant's witnesses were current or for-

mer Cicero post office workers Kenneth E. Cummings, Cynthia L. Foley and Postmaster John Raymond Moore. Based upon the stipulations, evidence, and credibility of the witnesses, the court makes the following findings of fact and conclusions of law pursuant to Rule 52 of the Federal Rules of Civil Procedure.[1]

## BACKGROUND

On February 2, 1994, at approximately 1:00 p.m., Taylor arrived at the Cicero–Clay Post Office to mail several letters. It was bright, but the temperature was well below freezing, and there had been no precipitation in the area that day.[2] Snow—described by Taylor as "semi-hard"—blanketed the parking lot to the depth of an inch. As Taylor neared the post office from the parking lot, he noticed that the curb where the lot met a path approaching the building's entrance was obstructed by a pile of "icy snow." No pathway had been cut through the pile. Upon reaching it, Taylor stepped over the mound with his left foot, placing his work boot into a footprint where a postal patron had walked previously. He could not see if there was a sidewalk underneath the snow and ice that covered the path.

In Taylor's estimation, the path was hard-packed, snowy, icy and not uniform. It did not appear to him to have been shoveled. He did not notice if it had been salted. After Taylor successfully negotiated the mound of snow, he took two steps and slipped. He turned into the building, located adjacent to the pathway, and tried to grab it. His face brushed against the structure's rough concrete exterior. He did not fall because he managed to brace himself with his left arm, but did twist his body awkwardly and cut his right cheek. Taylor felt then he had not been injured, but was startled for a moment. Upon recovering his senses, he entered into the post office.

Although Taylor claims he was "madder than hell" when he entered the post office, Cynthia L. Foley, who was filling in at the customer service window, stated he was not agitated and did not use offensive language when he spoke to her that afternoon. Foley recalled Taylor telling her he had slipped, but managed to grab and catch himself. Taylor testified that after he told Foley of his mishap, he instructed her that the post office should fix the condition of the area where he slipped, and, although he doubted he was injured, that he wished to file a report. Postmaster Moore appeared and asked him what happened; he told him of his slip; Moore filed out a report.[3] Taylor never reviewed or signed the report, however.

The report echoes Taylor's testimony that he slipped at the edge of the sidewalk, almost fell, and twisted his back as he managed to stay afoot. It contradicts Taylor's assertions, however, insofar as it indicates the sidewalk leading to the post office entrance was free of ice and snow. This claim, however, coincides with the testimony of Kenneth E. Cummings, a former distribution and window clerk at the Cicero Post Office. Cummings regularly maintained the sidewalk to the post office when Don Walker, the facility's janitor, was on vacation. Walker was on vacation the day Taylor slipped, so it was Cummings' job to maintain the sidewalk. Although he could not remember whether or not he shoveled the sidewalk that day, he testified that if the sidewalk needed shov-

---

1. The Government moved to dismiss plaintiffs' action during trial. This Memorandum–Decision and Order encompasses that motion.

2. Weather records indicate that the high temperature that day did not exceed seventeen degrees Fahrenheit, while the average temperature was only ten degrees. *See* Plf's Ex. 4.

3. Foley's version of events differs from Taylor's. According to her recollection, after speaking with Taylor, she left the customer service window to retrieve Moore. When she returned to the window area with Moore, Taylor had left. Foley never filled out any forms or documents memorializing what Taylor had told her.

eling because it had snowed the night before, he typically shoveled and placed "ice melt" upon it after he arrived in the morning. Defendant contends this testimony proves the sidewalk was not in a dangerous condition at the time Taylor slipped, and accordingly asks the court to dismiss plaintiffs' complaint.

Defendant contends dismissal is appropriate for another reason, too: even if the sidewalk was dangerously icy, it had no knowledge—or notice—of the sidewalk's dangerous condition. Although he did not mention it in the report, Postmaster Moore testified that aside from Taylor, no one else complained that day that the sidewalk was slippery. As to plaintiffs' argument that defendant had constructive notice of an icy, dangerous sidewalk, defendant submits plaintiffs have not presented sufficient evidence that it should have known of a dangerous condition. The threshold question, accordingly, is did defendant have notice of a dangerous condition on its sidewalk prior to Taylor's slipping upon it on February 2, 1994?

## DISCUSSION

### I. The Federal Tort Claims Act

The FTCA permits plaintiffs to recover damages for an injury caused by the negligence of government employees acting within the scope of their employment. *See* 28 U.S.C. § 1346(b); *Richards v. United States,* 369 U.S. 1, 6, 82 S.Ct. 585, 589, 7 L.Ed.2d 492 (1962). Under the Federal Tort Claims Act, actions brought against the United States "for money damages . . . for personal injury . . . caused by the negligent or wrongful act or omission of any employee of the Government . . . [shall be determined] in accordance with the law of the place where the act or omission occurred." 28 U.S.C. § 1346(b); *see also Mortise v. United States,* 102 F.3d 693, 696 (2d Cir.1996) (liability of federal government under FTCA generally determined by state law). The alleged negligent acts of defendant occurred at a post office in Cicero, New York, therefore the court must apply the law of the State of New York.

### II. Elements of a Negligence Claim

■ Negligence is conduct that falls beneath the standard of care which would be exercised by a reasonably prudent person in similar circumstances at the time of the conduct at issue. *See Holland v. United States,* 918 F.Supp. 87, 89 (S.D.N.Y. 1996) (*citing Paulison v. Suffolk County,* 775 F.Supp. 50, 53 (E.D.N.Y.1991)). For plaintiffs to prevail, they must prove by a preponderance of the evidence that: (1) defendant owed a duty to plaintiffs to exercise reasonable care; (2) defendant breached that duty; and (3) they were injured as a result of defendant's breach. *See Akins v. Glens Falls City School Dist.,* 53 N.Y.2d 325, 333, 441 N.Y.S.2d 644, 424 N.E.2d 531 (1981).

■ To impose liability for a slip and fall due to ice upon a landowner, there must be evidence that the defendant knew or, in the exercise of reasonable care, should have known that icy conditions existed and nonetheless failed to exercise due care to correct the situation within "a reasonable time after the cessation of the storm or temperature fluctuations which created [the] dangerous condition." *Porcari v. S.E.M. Mgt. Corp.,* 184 A.D.2d 556, 557, 584 N.Y.S.2d 331; *Byrd v. Church of Christ Uniting,* 192 A.D.2d 967, 969, 597 N.Y.S.2d 211. *See also Simmons v. Metropolitan Life Ins. Co.,* 84 N.Y.2d 972, 973–974, 622 N.Y.S.2d 496, 646 N.E.2d 798 ("slip and fall" plaintiff cannot recover absent showing that defendant either created dangerous condition, or had actual or constructive notice thereof, and opportunity to remedy defect).

■ Defendant correctly surmises that lack of notice is the defect in plaintiffs' suit. Assuming *arguendo* the sidewalk was icy and presented a dangerous condition, plaintiffs have not demonstrated that defendant had actual or constructive notice of this condition prior to Taylor's mishap.

Plaintiffs presented no evidence to contradict Postmaster Moore's testimony that no one else complained of slipping on the sidewalk on the day in question, nor did they present evidence imputing defendant with firsthand knowledge of the sidewalk's slipperiness. If defendant had actual notice of the sidewalk's slipperiness, it received it only after Taylor's complaint to Foley—or too late for defendant to remedy the defect and prevent Taylor's accident.

Plaintiffs also did not present persuasive evidence that defendant had constructive notice of the sidewalk's dangerous condition. By Taylor's own admission, there had been no precipitation in the area that day; and although plaintiffs note the janitor, Walker, who regularly maintained the sidewalk was on vacation, Cummings testified that he typically maintained the sidewalk if Walker was unavailable. Absent sufficient evidence that defendant should have had reason to believe dangerous accumulations of ice or snow blanketed its sidewalk, plaintiffs cannot impute constructive notice on defendant, either, which is fatal to their claims.

## CONCLUSION

Plaintiffs have failed to establish any negligence on the part of defendant, wherefore it is hereby **ORDERED** that the complaint be dismissed; and it is further **ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS SO ORDERED.**