IRENE HOLLAND *v.* JOHN A. KRAWSKI ET AL.

SUPERIOR COURT      HARTFORD COUNTY      FILE NO. 120549

Memorandum filed November 17, 1964

*Fauliso & Katz,* of Hartford, for the plaintiff.

*Regnier & Moller,* of Hartford, for the defendants.

MACDONALD, J. Plaintiff, a minor has brought this action through her mother to recover damages for personal injuries sustained when she fell from a diving board or the pier upon which it was located into a pool or pond on premises alleged in the substituted complaint to have been "used, owned, occupied, possessed, maintained and/or controlled by the defendants." It appears from the pleadings and more especially a deposition of the plaintiff in the file that the pool in question was located some distance from a house where plaintiff had been attending a party with her date for the evening, a friend of one Bernard Krawski, the son of two of the defendants; that plaintiff had never met

Krawski before that night and was not invited to the party by Krawski or his parents—whom, indeed, she never even had seen; that the accident occurred in the middle of the night when plaintiff walked from the house where the party was in progress to the pool and climbed out onto the pier and diving board, from which she claims to have been caused to fall by reason of various defective and dangerous conditions thereof of which she had not been warned.

On the face of the pleadings, this obviously is a gratuitous licensee situation controlled by such cases as *Laube* v. *Stevenson,* 137 Conn. 469, *Lubenow* v. *Cook,* 137 Conn. 611, and *Hennessey* v. *Hennessey,* 145 Conn. 211. In the *Hennessey* case, the court states the measure of duty owed to a licensee as follows (p. 213): "As applied to the instant case, these essential elements are that (1) the defendant knew of the presence of the plaintiff in his home; (2) thereafter he failed to exercise reasonable care (a) to refrain from actively subjecting her to danger or (b) to warn her of any dangerous condition—in the portion of his premises to which a license to enter had been extended—which he himself knew of and which he could not reasonably assume that she, as a licensee, knew of or by reasonable use of her faculties would observe; and (3) such failure to exercise reasonable care, in either or both respects, constituted a proximate cause of her fall."

Here, in addition to the plaintiff's own statements in her deposition that she had not been invited to the premises by any of the defendants or even by the boy, Bernard Krawski, and had not met or seen any of the defendants that night or, for that matter, at any time, we have affidavits filed by the defendant Joseph Krawski to the effect that he does not

"use, own, occupy, possess, maintain, or control" the premises in question, and by the defendants John Krawski and Eva Krawski, the owners of the premises, that on the date of the accident they were out of the state of Connecticut, did not know plaintiff, had never invited or permitted her to enter the premises and, of course, had no knowledge of her presence on the premises on July 18, 1959, the date of the accident. The only counter affidavit filed by plaintiff does not contradict these basic facts but simply states that plaintiff "was lawfully upon said premises as a guest of one or more of the owners or owner of the same or a person or persons authorized to extend such invitation." This is a generalized statement involving alternative legal conclusions and is not a statement of "such facts as would be admissible in evidence," as required by § 300 of the Practice Book, nor is it a contradiction of the statements of basic facts made in the defendants' affidavits.

What it boils down to is that it appears as uncontroverted fact that the owners of the premises, John and Eva Krawski, did not know of the presence of the plaintiff on their property on July 18, 1959; that no exceptional circumstances existed such as those mentioned in the footnote to the opinion in the *Hennessey* case, supra, 213, which might afford a substitute for actual knowledge of plaintiff's presence, such as a licensee's well-known custom of entering the premises in question (see *Olderman* v. *Bridgeport-City Trust Co.*, 125 Conn. 177, 182); that hence, under our law, the owners had no duty to warn the plaintiff of any dangerous condition of which they knew or should have known; and that the defendant Joseph Krawski had no interest in the premises upon which liability could be founded. This being so, no liability could be imposed, regardless of other evidence introduced at

trial, and a nonsuit or directed verdict for defendants certainly would follow. Under these circumstances there is no genuine issue as to any material fact, and the three defendants are entitled to judgment as a matter of law under § 303 of the Practice Book.

The motion of the defendants for summary judgment in their favor is granted, and plaintiff's opposing motion is overruled.