MADELINE ROMANI *v.* WILLIAM J. SILVERIO ET AL.

SUPERIOR COURT        HARTFORD COUNTY        FILE No. 141798

Memorandum filed November 15, 1965

*Lexton, Januszewski, McQuillan & DeNigris,* of New Britain, for the plaintiff.

*Theodore M. Donovan,* of Bristol, for the named defendant.

*Dworski & Shurberg,* of New Britain, for defendant Michael Pallas.

MACDONALD, J. In this action against the lessee and owner of a diner-type restaurant for injuries suffered from a fall on snow and ice on a driveway on the premises, the defendant owner has filed an affidavit, accompanied by a copy of a lease, showing that at the time of the claimed fall the premises were entirely under control of the defendant lessee, who had the specific responsibility under the lease of removing snow and ice. Under ordinary circumstances, this probably would be sufficient to support his motion for summary judgment under prior decisions of this court such as *Holland* v. *Krawski,* 25 Conn. Sup. 406, and *Lewie* v. *Investment Realty Co.,* 25 Conn. Sup. 412. In this case, however, it appears on the face of the pleadings, including the lease accompanying the affidavit and the allegation of the complaint, that (1) the lessee's term of occupancy commenced December 10, 1964; (2) the plaintiff's fall occurred on the morning of December 10, 1964; and (3) the cause of the fall was alleged to be "an accumulation of *old* ice and snow" (italics supplied).

Under *Webel* v. *Yale University,* 125 Conn. 515, and more especially *Corrigan* v. *Antupit,* 131 Conn. 71, liability of the owner for injuries suffered on leased premises such as this is not restricted solely to dangerous conditions due to structural defects but may arise where such a condition results from disrepair. Here it well could be found that the

owner knew or should have known of the dangerous condition when the tenancy commenced and that there is no certain indication, from the few hours involved before plaintiff fell, that the defendant lessee had time to become aware of the condition, let alone time to remedy it. This remains as a substantial issue for determination by the jury.

The motion must be denied.