OPINION OF THE COURT
Memorandum.
The order of the Appellate Division should be affirmed, with costs.
Plaintiff was injured while working on a construction site in North Carolina and sued his employer’s workers’ compensátion and liability insurance carrier, defendant Fidelity and Casualty Company of New York. The Appellate Division granted summary judgment to defendant, holding that liability could not be imposed on the carrier in an action by an employee of the insured for injuries sustained in the course of employment where the alleged negligence "arises out of the regular safety inspections of the work site conducted by the insurer in an effort to reduce the risk of loss covered by its insurance policy.” (165 AD2d 223, 224.) We agree.
Under the terms of the insurance contract, defendant had the right but not the obligation to conduct safety inspections of the worksite. Plaintiff argues that once the carrier undertook to perform the safety inspections, it must be held liable for conducting a negligent inspection. While it is true that one who assumes to act, even though not obligated to do so, may thereby become subject to the duty to act carefully (see, Glanzer v Shepard, 233 NY 236, 239), the application of this, principle has been limited to "those situations wherein the *869 action taken is for the benefit of another and not in furtherance of the interest of the one who assumes to act” (Matter of James v State of New York, 90 AD2d 342, 344, affd 60 NY2d 737).
Under the circumstances of this case, it is apparent that the safety inspections were undertaken solely for defendant’s own underwriting purposes — to reduce the risks that might give rise to liability under the policy (see, Home Mut. Ins. Co. v Broadway Bank & Trust Co., 53 NY2d 568, 576, citing Gerace v Liberty Mut. Ins. Co., 264 F Supp 95, 97 [DC]). Plaintiff points to isolated language in the letters sent by defendant’s inspector to the insured to the effect that the inspections were meant to assist the employer. In context, however, the correspondence reveals that the inspections were undertaken in order to assist the employer in its program to reduce the insurer’s exposure to claims; any benefit to the employer was incidental.
Chief Judge Wachtler and Judges Simons, Kaye, Alexander, Titone, Hancock, Jr., and Bellacosa concur.
Order affirmed, with costs, in a memorandum.