[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT (#132)
This case arises out of a traffic accident which occurred on October 17, 1990, on the southbound lane of Route 9 located in Haddam, Connecticut. As alleged in the plaintiff's complaint, the defendant, Grayson Mountain (hereinafter "Mountain"), was involved in a single motor vehicle accident when he lost control of his pick-up truck and struck a guardrail. The plaintiff, Eileen Sparaco, a passenger in another motor vehicle, attempted to render assistance to Mountain. While standing adjacent to Mountain's truck, the plaintiff was struck by a car driven by Robert S. Dion. The plaintiff suffered numerous fractures and severe personal injuries as a result of the impact.
On July 5, 1991, the plaintiff filed the present three count complaint against the defendants, Mountain and Rob's Auto Service, Inc. In the first count, the plaintiff alleges negligence on the part of the defendant, Mountain, and imputed negligence as to the defendant, Rob's Auto Service, Inc., as the alleged owner of the subject vehicle, or in the alternative, that the subject vehicle was being used in the course of employment, pursuant to General Statutes 52-183.[1] In the second count, the plaintiff alleges willful and wanton misconduct on the part of the defendant, Mountain, and imputed liability as to the defendant, Rob's Auto Service Inc., based on the same theory as stated in the first count discussed supra. In the third count, the plaintiff alleges that the defendant, Rob's Auto Service, Inc., CT Page 3879 was negligent in lending the defendant, Mountain, a dealer/repair license plate for the subject vehicle because Rob's Auto Service, Inc., failed to inquire into Mountain's driving history and to make an inspection of the subject vehicle for safety.
On October 10, 1992, the defendant, Rob's Auto Service, Inc., (hereinafter "defendant"), filed the present motion for summary judgment on the plaintiff's entire complaint as it relates to this defendant. Although the defendant attached a copy of a deposition transcript in support of its motion for summary judgment, the document is not certified or attested to. The defendant failed to file a supporting affidavit as required by the Practice Book 380.
On December 3, 1992, the plaintiff filed her opposition to the defendant's motion for summary judgment. On March 1, 1993, the defendant's motion for summary judgment was heard.
Practice Book 380 provides in part that "[a] motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like."
 Pleadings per se do not constitute documentary proof under 380. Allegation of pleadings not admitted by a party are not proof of their contents. They merely set forth the cause of action and the issues of fact and law raised in the pleadings. The framework of the case is built by the pleadings. Unadmitted allegations of pleadings do not constitute documentary proof of the existence of a genuine issue as to a material fact on a motion for summary judgment. The quantum of evidentiary proof admissible at trial relevant to these allegations, or any later amendment of them, is not documentary proof under 380 probative of, or relevant to, the grant or denial of summary judgment. The court's consideration of a motion for summary judgment is limited to the evaluation as a matter of law of the documentary proof submitted under 380.
Paine Webber Jackson Curtis, Inc. v. Winters, 13 Conn. App. 712,721-22, 539 A.2d 595 (1988). Transcripts of a party's deposition may be offered as a documentary proof or evidence in support of a motion for summary judgment. Holland v. Krawski, 25 Conn. Sup. 406, CT Page 3880206 A.2d 648 (Super.Ct. 1964).
In the present case, the defendant's documentation falls short of the requirements of the Practice Book 380. The defendant's supporting documentation has not been certified or attested to. (See defendant's exhibits A, B and C attached to the defendant's motion for summary judgment). The defendant must file documentation that would be admissible as evidence at trial if it expects the court to rule upon its present motion for summary judgment.
At the time of the entry of said judgment, the court heard testimony from the plaintiffs' experts valuing the property at $333,000.00. The debt was found to be $410,139.83, plus attorneys fees of $3,000.00 and costs taxed at $876.11. Since title vested in the plaintiff on December 11, 1992, the plaintiff has paid $12,367.33 in real estate taxes due the town of Clinton and additional interest in the amount of $2,275.00 has accrued on the debt.
The instant motion was filed within thirty days after the time limited for redemption had expired, thereby conforming to the mandates of Gen. Stat. Sec. 49-14(a).
The court heard the evidence of three appraisers, all qualifying as experts, and who all agreed and the court so finds, the the highest and best use of the foreclosed property would be a retail and office commercial complex.
All three appraisers employed the market data approach which utilizes as its premise a comparison of the subject property with other properties of a similar design, utility, use and location, that have been sold in the recent past. Adjustments are then made to the sales of the comparable properties in order to arrive at the fair market value of the subject property at the date of the vesting of title in the plaintiff.
The mortgage foreclosed was in the original face amount of $350,000.00.
Caroline E. Lockyer, the plaintiffs' expert appraiser valued the premises at $302,000.00.
Philip W. Ball, who qualified as an expert for the defendant, Richard A. Gentile, appraised the property at $395,000.00. CT Page 3881
Charles M. Burr, III, qualifying as an expert on behalf of the defendants, John W. Islieb, senior and junior, testified that the premises were worth $410,000.00. Mr. Burr also referenced the site residual method in his appraisal. This method values the site by income capitalization which is arrived at by determining the amount of income attributable to the land.
In valuating property, the trial court is charged with the duty of making an independent valuation of the property involved. E F Realty v. Commission of Transportation, 173 Conn. 247, 253,377 A.2d 302 (1977). The trier is not limited to arbitrating the differing opinions of the witnesses but is to make determinations in the light of all the circumstances, the evidence, and his general knowledge. Pandolphe's Auto Parts, Inc. v. Manchester,181 Conn. 217, 220, 435, A.2d 24 (1980); Birnbaum v. Ives,163 Conn. 12, 21, 301 A.2d 262 (1972). The trier may accept or reject the testimony of an expert, offered by one party or the other, in whole or in part. Smith v. Smith, 183 Conn. 121, 123,438, A.2d 847 (1981); Richard v. A. Waldman Sons, Inc.,155 Conn. 343, 348, 232 A.2d 307 (1967); see also Pandolphe's Auto Parts, Inc. v. Manchester, supra, 221. Ultimately the determination of the value of real estate is a matter of opinion, which eventually depends upon the considered judgment of the trial judge who takes into account the different opinions expressed by the various witnesses. Moss v. New Haven Redevelopment Agency,146 Conn. 421, 425, 151 A.2d 693 (1959).
Guided be the principles of law enunciated in the foregoing cases and applying them to the facts and circumstances in this case, the court finds the value of the real property, subject to the foreclosure to be in the amount of $375,000.00
The total amount due the plaintiff is found to be:
 Judgment Debt $410,139.83 Attorneys fees 3,000.00 Cost in foreclosure 876.11 Real Estate Taxes paid 12,367.33 Interest since judgment 2,275.00 ----------
 Total debt due $428,658.27 Less value of premise $375,000.00 ----------
CT Page 3882
 Deficiency $53,658.27 Int. on deficiency 1,446.57 --------- Total deficiency $55,104.84
Accordingly judgment may enter for the plaintiff, of her authority. Connecticut National Bank to recover of the defendants, John W. Islieb, Sr., Richard A. Gentile and John W. Islieb, Jr. The sum of $55,104.84, plus costs.
SPALLONE STATE TRIAL REFEREE