[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION ON MOTION FOR SUMMARY JUDGMENT
The issue is whether the defendants' motion for summary judgment should be granted on the ground that the plaintiffs have not stated a cause of action against the defendants.
This court considers that portion of the supporting documentation that could be properly resubmitted as admissible evidence. The court must determine whether to recognize a duty on the part of an insurer who gratuitously inspects an insured's premises for fire hazards to the employees of the insured, or other third parties, to perform that inspection with reasonable care. If, the court follows the Restatement (Second), Torts, 324A, then the motion for summary judgment would be granted because the defendants have shown that CT Page 7713 the inspections were only for the insurer's benefit and the plaintiffs have not submitted any admissible evidence to contradict the defendants' proof. If, however, the court follows the existing Connecticut law, the motion for summary judgment would be denied because the existence of a duty depends on the foreseeability of the resulting harm and foreseeability is a question of fact for the jury.
This case arises out of an accident that occurred on April 1, 1987 at Automotive Controls Corporation ("ACC"), a subdivision of Echlin Manufacturing Co. ("Echlin"). A fire started while plaintiff Jose Collazo ("Collazo") and plaintiff Bonnie Oberdick's decedent, Alton Oberdick ("Oberdick"), who were employed by the James V. Ursini Company, were installing sprinklers in a spray paint booth in the ACC plant. As a result of the fire, Collazo was seriously burned and Oberdick died.
Defendant Allendale Mutual Insurance Co. ("Allendale") insured the ACC plant against fire and other property damage. Defendant Factory Mutual Engineering Association ("FMEA") performs inspections for Allendale to enable the insurer to evaluate the risk posed by an insured facility and establish an appropriate premium.
On April 7 and 8, 1989, Bonnie Oberdick, as administratrix of her husband's estate and individually, and Jose and Crystal Collazo filed six count complaints against Allendale, FMEA, Factory Mutual Research Corporation and Factory Mutual Engineering Corporation. All plaintiffs agreed, at oral argument on July 21, 1993, to withdraw the claims against Factory Mutual Research Corporation and Factory Mutual Engineering Corporation.
Count one of each complaint alleges that Allendale, through its agent FMEA, assumed a duty to inspect and maintain ACC's premises. Further, Allendale failed to take precautions involving loss prevention when Allendale knew or should have known that ACC was relying on Allendale's expertise and did not have any independent safety program beyond the FMEA recommendations. The plaintiffs allege that Allendale and/or FMEA required that sprinkler work be done but failed to require precautions and that the plaintiffs relied on the defendants' superior safety expertise. In count two the plaintiffs allege that Allendale was paid to perform safety inspections and had a duty to take reasonable precautions to protect employees. In count three the plaintiffs allege that FMEA was paid to perform CT Page 7714 safety inspections and had a duty to use reasonable care to protect employees. Counts four, five and six of each complaint are loss of consortium claims.
On March 1, 1993, the defendants filed a motion for summary judgment in each case claiming that the plaintiffs have not stated a cause of action against the defendants. The defendants also filed a memorandum in support of their motions along with, among other items, a copy of the service agreement between Allendale and FMEA, a copy of the insurance policy covering the ACC plant, excerpts of the depositions of James Condon, Randall J. Foster and Theodore Oberdick, and copies of three loss prevention reports issued between March 11, 1986 and March 10, 1987 by FMEA regarding the ACC plant.
On May 3, 1993, the plaintiffs filed a memorandum of law in opposition to the defendants' motion for summary judgment along with excerpts from the depositions of James Condon, George Rockwell, Gregg Maffia, Randall Foster, Edward Odoy, John Donovan and Glenn Smith and the affidavit of Frank E. Watkinson. The defendants also filed a reply memorandum to the plaintiffs' opposition that was dated June 3, 1993.
"The motion for summary judgment is designed to eliminate the delay and expense of litigating an issue when there is no real issue to be tried." Wilson v. New Haven, 213 Conn. 277,279, 567 A.2d 829 (1989). "The judgment sought shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." Practice Book 334. "`To satisfy his burden the movant must make a showing that it is quite clear what the truth is, and that excluded any real doubt as to the existence of any genuine issue of material fact'" Fogarty v. Rashaw, 193 Conn. 442,445, 476 A.2d 582 (1984), quoting Dougherty v. Graham,161 Conn. 248, 250, 287 A.2d 382 (1971).
"A motion for summary judgment shall be supported by such documents as may be appropriate, including but not limited to affidavits, certified transcripts of testimony under oath, disclosures, written admissions and the like." Practice Book 380. "`Mere assertions of fact, whether contained in a complaint or a brief, are insufficient to establish the existence of a material fact and, therefore, cannot refute evidence properly presented to the court under Practice Book 380'" CT Page 7715 Kakadelis v. DeFabritis, 191 Conn. 276, 281, 464 A.2d 57 (1983), quoting Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 12,459 A.2d 115 (1983). "Since an evidentiary showing is indispensible, [indispensable] general averments will not suffice to show a triable issue of facts. Moreover, mere conclusions are insufficient as is evidence which would be inadmissible upon the trial, such as hearsay." Farrell v. Farrell, 182 Conn. 34, 39,438 A.2d 415 (1980).
In support of the motion for summary judgment the defendants filed uncertified copies of the agreement between Allendale and FMEA, the insurance policy covering ACC and Echlin, and three loss prevention reports prepared by FMEA concerning the ACC plant. These documents are not properly before the court. "They are all uncertified copies of documents to which no affidavit exists attesting to their authenticity, and therefore do not constitute `proof' or "documentary evidence.'" Langlais v. Guardian Life Insurance Co., 7 Conn. L. Rptr. 34, 35 (July 7, 1992, Lewis, J.).
Both the defendants, in support of the motion, and the plaintiffs, in opposition, have filed uncertified copies of excerpts from various depositions. If the record does not indicate that the deposition testimony is admissible into evidence, it may be excluded from a judicial proceeding. Gordon v. Indusco Management Corp., 164 Conn. 262, 270-71, 320 A.2d 811
(1973). If evidence is inadmissible at trial, it is insufficient to support a motion for summary judgment. Farrell v. Farrell, supra. Whether to admit deposition testimony into evidence is within the discretion of the trial court. Farrell v. St. Vincent's Hospital, 203 Conn. 554, 564-65, 525 A.2d 954 (1987).
Uncertified copies of excerpts of deposition transcripts are not admissible as evidence and do not comply with the requirements of Practice Book 380. The deposition testimony provided by all parties is not considered by the court in evaluating this motion for summary judgment.
Additionally, even if the copies of deposition transcripts were certified, these excerpts of deposition testimony would not be sufficient to support or oppose the motion. See Balderston v. Shoals Construction, Inc., 9 Conn. L. Rptr. 343, 343-44 (July 1, 1993, Lewis, J.). "A response to a question propounded in a deposition is not a judicial admission." Esposito v. Wethered,4 Conn. App. 641, 645, 496 A.2d 222 (1985), citing General Statutes CT Page 771652-200. Depositions are ordinarily used for impeachment purports; Practice Book 248(a)(1); and are admitted into evidence only "so far as admissible under the rules of evidence" in certain limited circumstances. Practice Book 248(1)(b), (d). "[T]he allowable scope of inquiry at a discovery deposition clearly exceeds the boundaries of admissible evidence." Sanderson v. Steve Snyder Enterprises, Inc. 196 Conn. 134, 139,491 A.2d 389 (1985). See Practice Book 247(b) (all questions, including those objected to, must be answered at deposition).
Although some courts have accepted deposition testimony in support of a motion for summary judgment, the parties in this case are attempting to use deposition testimony for a different purpose than were the parties before those other courts. In each case the depositions were used to establish the sequence of events. See, e.g., Acampora v. Asselin, 179 Conn. 425, 426-27,426 A.2d 797 (1980); Holland v. Krawski, 25 Conn. Sup. 406,206 A.2d 648 (Super. CT 1964); Heuberger v. Holcomb,6 Conn. L. Rptr. 144, 145 (February 26, 1992, Arena, J.).
The parties in this case are attempting to use deposition testimony to determine whether a legal duty exists. Accordingly, the deposition testimony is not considered by the court in deciding this motion for summary judgment.
The plaintiffs have also submitted an affidavit in opposition to the motion for summary judgment. "[A]ffidavits filed in connection with a motion for summary judgment must be made on personal knowledge, must set forth facts which would be admissible in evidence, and must show that the affiant is competent to testify to all matters stated in the affidavit." United Oil Co. v. Urban Redevelopment Commission, 158 Conn. 364,377, 260 A.2d 596 (1969). The affidavit states that the affiant has gained his knowledge by examining documents, reports and depositions provided by counsel.
The affidavit contains an expert opinion rather than facts based upon personal knowledge, and, therefore, is not to be considered by the court in opposition to the motion for summary judgment. Farrell v. Farrell, supra.
Neither side has submitted acceptable documentation to support its position. Because the defendants could refile their motion with proper supporting documentation, this memorandum will proceed to consider the motion on the merits. CT Page 7717
Connecticut courts have not addressed whether a property insurer who gratuitously inspects the premises of an insured has a duty to the employees of the insured, or to other third parties, to perform the inspection with reasonable care. Many other jurisdictions that have considered this question have held that such a duty does not exist without evidence that the insured agreed to provide inspection services for the insured's benefit:
 An insurer's inspection of an insured's premises for fire hazards does not in itself demonstrate an undertaking to render fire inspection and prevention services to the insured. Absent evidence that the insurer agreed or intended to provide services for the benefit of the insured, there is no basis for a conclusion that such inspections are conducted other than to serve the insurer's interest in underwriting, rating and loss prevention and hence there is no undertaking. An insurer who does not undertake to inspect for the insured's benefit owes no duty to the insured or the insured's employees to inspect with reasonable care. . . .
Smith v. Allendale Mutual Insurance Co., 410 Mich. 685,303 N.W.2d 702, 706 (1981). See also Ranger Insurance Co. v. Hartford Steam Boiler Inspection and Insurance Co., 410 So.2d 40,41 (Ala. 1982) (evidence that inspection was undertaking for insured's benefit required); Jansen v. Fidelity and Casualty Co.,79 N.Y.2d 867, 589 N.E.2d 379, 380 (1992) (incidental benefit to insured not sufficient to establish duty); Schoenwald v. Farmers Cooperative Assn., 474 N.W.2d 519, 520 (S.D. 1991) (incidental benefit to insured does not establish intent of insurer to provide safe work environment for insured).
This duty is based on the Restatement (Second), Torts, 324A which provides:
 One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of a third person or his things, is subject to liability to the third person for physical harm resulting from his CT Page 7718 failure to exercise reasonable care to protect his undertaking, if
 (a) his failure to exercise reasonable care increases the risk of such harm, or
 (b) he has undertaken to perform a duty owed by the other to a third person, or
 (c) the harm is suffered because of reliance of the third person upon the undertaking.
Some jurisdictions that have held that insurers have a duty have found an undertaking, as required by Restatement (Second), Torts 324, in advertisements or specific representations by the insurer that the inspection services would benefit the insured. Hartford Steam Boiler Inspection Insurance Co. v. Pabst Brewing Co., 201 F. 617, 629 (7th Cir. 1912); Nelson v. Union Wire Rope Corp., 199 N.E.2d 769, 776 (Ill. 1964). One jurisdiction has held that workers' compensation insurers have such a duty because the workers' compensation insurer assumes some of the employer's responsibility to create a safe work environment for the insured's employees. See, e.g., Ranger Ins. Co. v. Hartford Steam Boiler Inspection and Insurance Co., supra (distinguished property insurer from workers' compensation insurer because workers' compensation insurer assumed employer's duty to employees to provide reasonably safe workplace). Other jurisdictions acknowledge the existence of a duty, but require evidence that the insured relied upon the inspections of the insurer before the insurer may be found liable. Hill v. United States Fidelity and Guaranty Co., 428 F.2d 112, 120 (5th Cir. 1990); Cleveland v. American Motorists Insurance Co.,295 S.E.2d 190, 192 (Ga.App. 1982); Derosia v. Liberty Mutual Insurance Co., 583 A.2d 881, 886 (Vt. 1990).
In their motion for summary judgment the defendants note paragraph 17 of the insurance policy which states:
 The Company, at all reasonable times during the Policy period, shall be permitted but not obligated to inspect the property insured by this Policy. Neither the Company's right to make inspections nor the making thereof nor any report thereon shall constitute any undertaking, on behalf of or for the benefit CT Page 7719 of the named insured or others, to determine or warrant that such property is safe or harmful.
and the disclaimer, that the defendants claim appeared on every loss prevention report submitted to ACC, which states:
 This report is intended to assist you in reducing the possibility of loss to the property insured with the Factory Mutual Companies by bringing to your attention hazards and lack of protection which need prompt consideration to prevent such loss to property. It is not intended to imply that all other hazards and conditions are under control at the time of this inspection. The liability of the Factory Mutual Companies is limited to that covered by their insurance policies. No other liability is assumed by reason of this report as it is only advisory in nature and the final decision must be made by you.
The defendants claim that the policy provision and disclaimer indicate that they have not undertaken any inspections for the benefit of the insured; the inspections were undertaken solely to evaluate the risk to determine continued insurability and an appropriate premium. The defendants claim that an analysis under Restatement 324A is inappropriate because there has been no undertaking to benefit another. Therefore, the defendants assert that their motion for summary judgment should be granted because the defendants had no duty toward Oberdick and Collazo.
In opposition, the plaintiffs claim that they are not basing their claim on the insurance policy between the defendants and ACC/Echlin; therefore, the policy provision, and the defendants' lack of duty that may have arisen under the policy are irrelevant. The plaintiffs claim that the Restatement 324A criteria are satisfied. The plaintiffs claim that the FMEA inspector knew that ACC had no other inspectors and that ACC relied on his inspections for plant safety. This reliance created a duty not to create or enlarge a fire hazard. The plaintiffs distinguish those cases in which an inspector failed to detect a hazard, by noting that here the FMEA inspector noted the problem but allowed the spray booth to continue operating. CT Page 7720
Research has revelaed [revealed] no case in which a Connecticut Court has formally adopted Restatement (Second), Torts 324A. "A duty to use care may arise from a contract, from a statute, or from circumstances under which a reasonable person, knowing what he knew or should have known, would anticipate that harm of the general nature of that suffered was likely to result from his act or failure to act." Colburn v. Lenox Homes, Inc., 186 Conn. 370,375, 441 A.2d 620 (1982). "The ultimate test of the existence of a duty to use care is found in the foreseeability that harm may result if it is not exercised." (Internal quotation marks and citations omitted.) Frankovitch v. Burton, 185 Conn. 14, 20-21,440 A.2d 254 (1981). See also Neal v. Shiels, Inc., 166 Conn. 3,12, 347 A.2d 102 (1974).
The court must first determine whether to adopt Restatement 324A. If the court adopts 324A, the court must determine whether the defendants have undertaken the inspections for the benefit of ACC/Echlin or solely for their own benefit. The defendants have produced the policy language and disclaimer from the loss prevention reports, which other jurisdictions have held to be proof that there was no undertaking to benefit the insured. The plaintiffs have not provided the court with any evidence that the defendants, by advertisement or representation, agreed to assume the duty of ACC and Echlin to provide a safe workplace. The court could find that there was no undertaking to benefit the insured and, therefore, no duty. The absence of a legal duty precludes a claim for negligence. Neal v. Shiels, Inc., supra, 12.
This court, in this matter does not adopt the Restatement 324A.
While indeed it is a relatively "close call", this court bases its decision on existing Connecticut law.
A duty on the part of the defendants arises only if the resulting harm was foreseeable. "The matter of foreseeability is a question proximate cause; Burns v. Gleason Plant Security, Inc., 10 Conn. App. 480, 485, 523 A.2d 940 (1987); and `the question of proximate cause is ordinarily a question of fact for the trier.' Id." Gutierrez v. Thorne, 13 Conn. App. 493, 500-01,537 A.2d 527 (1988). Under the circumstances of this case, whether the defendants should have foreseen the type of harm that resulted is a question of fact for the jury. CT Page 7721
The motion for summary judgment is denied.
Donald W. Celotto, Judge
All counsel are congratulated on the excellence of their respective briefs and efforts.