■ JOHN FLEMING, Individually and as Administrator of the Estate of ELIZABETH LAGAI, Deceased, on Behalf of Himself and All Others Similarly Situated, Appellant-Respondent, v BARNWELL NURSING HOME AND HEALTH FACILITIES, INC., Respondent-Appellant, et al., Defendant. [766 NYS2d 241] —Kane, J. Cross appeals from an order of the Supreme Court (Connor, J.), entered July 18, 2002 in Columbia County, which, inter alia, denied plaintiff's motion for class action certification.

Plaintiff's decedent was a resident of defendant Barnwell Nursing Home and Health Facilities, Inc. (hereinafter defendant). She developed septic shock from an infection and passed away. Following her death, the Department of Health (hereinafter DOH) investigated the conditions at defendant's facility and found numerous violations of DOH regulations under 10 NYCRR part 415. Plaintiff commenced this action against defendant and decedent's physician alleging medical malpractice, negligence and wrongful death. Four months later, plaintiff moved to amend his complaint to add a cause of action pursuant to Public Health Law § 2801-d—which provides a private right of action for nursing home residents to recover for the deprivation of certain rights—and for class action certification of the claims based on that section and in negligence.[1] Supreme Court permitted plaintiff to amend his complaint,

---

1. Plaintiff intended to sever his individual medical malpractice and wrongful death claims from the class action.

resulting in defendant's appeal, and denied class certification, resulting in plaintiff's appeal.

Leave to amend pleadings rests within the trial court's discretion and shall be freely granted, unless the proposed amendment is wholly devoid of merit or the delay prejudices the defendant (*see* CPLR 3025 [b]; *Selective Ins. Co. v Northeast Fire Protection Sys.*, 300 AD2d 883, 883 [2002]; *Jackson v Dow Chem. Co.*, 295 AD2d 855, 856 [2002]). The delay between the complaint and proposed amendment was only four months, little discovery had taken place, and defendant was fully aware of DOH violations through the DOH report which was completed prior to commencement of the action. Supreme Court properly permitted plaintiff to amend his complaint.

Plaintiff contends that Supreme Court should have certified his negligence and Public Health Law claims as a class action. "Whether a lawsuit qualifies as a class action matter is a determination made upon a review of the statutory criteria as applied to the facts presented; it ordinarily rests within the sound discretion of the trial court" (*Small v Lorillard Tobacco Co.*, 94 NY2d 43, 52 [1999] [citations omitted]). An action by residents of a residential health care facility for violating their rights or benefits created by statute or regulation may be brought as a class action if the prerequisites to class certification set forth in CPLR article 9 are satisfied (*see* Public Health Law § 2801-d [4]). Questions of law or fact common to the class must predominate over questions relating to individual class members (*see* CPLR 901 [a] [2]). Plaintiff's proposed class included all residents of defendant's 228-bed facility during a one-year period. Although plaintiff attempts to base his negligence claims on defendant's policies and procedures rather than individual circumstances or conduct, questions as to whether those policies breached defendant's duty to individual residents, whether those inadequate policies proximately caused harm to each resident, and the different amounts of individual residents' damages demonstrate the lack of common question predominance (*compare Evans v City of Johnstown*, 97 AD2d 1, 3 [1983]). As plaintiff failed to establish all the requirements of CPLR 901, Supreme Court properly denied class certification for the negligence claim (*see id.* at 3).

We reach a different result regarding class certification for the Public Health Law § 2801-d claim.[2] A class of over 200 is so numerous as to render joinder of all individuals impracticable (*see* CPLR 901 [a] [1]). The predominance requirement may be

---

2. Supreme Court, while denying class certification, limited its discussion to the negligence claim.

satisfied even if not all class members were subjected to all the improper conduct (*see Weinberg v Hertz Corp.,* 116 AD2d 1, 6-7 [1986], *affd* 69 NY2d 979 [1987]). Here, questions regarding defendant's violation of DOH rules affecting residents predominate (*see* CPLR 901 [a] [2]). Plaintiff's specific claims that his decedent received inadequate heat and inedible food are typical of class claims (*see* CPLR 901 [a] [3]), plaintiff can fairly represent the class (*see* CPLR 901 [a] [4]), and a class action appears to be the superior method of adjudicating this claim (*see* CPLR 901 [a] [5]).

Once all CPLR 901 prerequisites are satisfied, the court must then consider factors listed in CPLR 902 (*see Evans v City of Johnstown, supra* at 3). Presumably, aged and infirm nursing home residents are not interested in individually controlling the prosecution of the action (*see* CPLR 902 [1]), prosecuting separate actions would be inefficient and impractical (*see* CPLR 902 [2]; Public Health Law § 2801-d [2] [providing a common formula to ascertain damages to individual class members]), no other litigation concerning this controversy is currently in progress (*see* CPLR 902 [3]), it is desirable to concentrate the litigation in the county where the facility is located (*see* CPLR 902 [4]), and there are no apparent difficulties in managing this class (*see* CPLR 902 [5]). As CPLR 901 and 902 are satisfied, plaintiff's Public Health Law § 2801-d claim[3] should be certified as a class action.

Cardona, P.J., Mercure, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law and the facts, without costs, by reversing so much thereof as denied class certification of plaintiff's Public Health Law § 2801-d claim; grant said class certification; and, as so modified, affirmed.

---

3. Plaintiff's proposed amended complaint contains two causes of action denominated the eleventh. While several of the complaint's allegations mention statutory or regulatory violations, the second eleventh cause of action, the last one in the complaint, is the only one which truly relies on Public Health Law § 2801-d and should be certified.