MISTY HOLLING, Appellant, v DAWN M., INC., Doing Business as MEADOW LANE MOBILE HOME PARK, Respondent. [806 NYS2d 279]—

Rose, J. Appeal from an order of the Supreme Court (O'Brien, III, J.), entered April 27, 2005 in Otsego County, which granted defendant's motion for summary judgment dismissing the complaint.

Plaintiff, a tenant in a mobile home park owned and operated by defendant, slipped on a patch of ice while walking from the front steps of her home to her parked car three or four feet away. She commenced this negligence action against defendant seeking damages for the injuries caused by her fall. Defendant moved for summary judgment dismissing the complaint, Supreme Court granted the motion and this appeal ensued.

Despite the unambiguous terms of plaintiff's lot lease and park regulations requiring her to care for her lot and clear it of snow, she contends that she raised a question of fact as to whether her lot included the unpaved parking area where she fell. We disagree. While the lease between defendant and plaintiff does not describe the boundaries of her lot, defendant met its burden on the motion for summary judgment through the testimony of its park manager, Elizabeth Benjamin. Benjamin stated that plaintiff's lot included the unpaved area

and, thus, defendant was an out-of-possession landlord with no obligation to clear snow or ice from that area (*see Carvano v Morgan*, 270 AD2d 222, 223 [2000]; *Hinds v Consolidated Rail Corp.*, 263 AD2d 590, 591 [1999]; *Davison v Wiggand*, 259 AD2d 799, 800-801 [1999], *lv denied* 94 NY2d 751 [1999]). In response, plaintiff offered no evidentiary facts tending to prove that the unpaved area was excluded from her lot or defendant retained control over it. Instead, plaintiff merely denied that Benjamin told her that the lot included the unpaved area, a statement that is immaterial on the issue of the extent of her lot and insufficient to raise a question of fact as to defendant's status as an out-of-possession landlord.

We also find no merit in plaintiff's alternate contention that defendant is nonetheless liable for her fall because it assumed the duty to clear the area where she fell. To be sure, Benjamin's testimony that its contractors plowed snow from plaintiff's parking area does raise the issue of whether defendant assumed a duty by undertaking an act it otherwise was not obligated to perform. However, when a duty to act is voluntarily assumed, the scope of that duty is to perform the act carefully (*see Castiglione v Village of Ellenville*, 291 AD2d 769, 770 [2002], *lv denied* 98 NY2d 604 [2002]; *Oles v City of Albany*, 267 AD2d 571, 572 [1999]; *Figueroa v Tso*, 251 AD2d 959, 959 [1998]). Here, there is no allegation or evidence that defendant's plowing of plaintiff's parking area was either negligently performed or the cause of the allegedly dangerous patch of ice (*see Rundquist v Colletti*, 237 AD2d 687, 689 [1997]). Thus, Supreme Court correctly found that plaintiff failed to raise a question of fact as to whether defendant had breached any duty regarding plaintiff's parking area.

Mercure, J.P., Spain, Carpinello and Kane, JJ., concur. Ordered that the order is affirmed, with costs.