■ BONNIE L. RANEY, Individually and as Administrator of the Estate of ARTHUR E. RANEY, Deceased, Respondent-Appellant, v SELDON STOKOE & SONS, INC., et al., Appellants-Respondents. (And a Third-Party Action.) [839 NYS2d 577]—

Peters, J. Cross appeals from an order of the Supreme Court (Krogmann, J.), entered August 18, 2006 in Washington County, which, inter alia, denied defendants' motion for summary judgment dismissing the complaint.

Defendant Seldon Stokoe & Sons, Inc. (hereinafter Stokoe & Sons) is a family farm corporation in Livingston County. Defendant Seldon S. Stokoe is its vice-president, manager and farmer. Stokoe & Sons regularly sells hay to third-party defendant Eastern Hay Company, LLC, which is owned by third-party defendant Stephen J. Petteys. Eastern is in the business of buying, selling and trucking hay. Decedent, Arthur E. Raney, was killed during his first day of employment with Eastern while loading 900-pound bales of hay into Eastern's box trailer at Stokoe & Sons' farm.

The scheme for loading the hay into the box trailer was devised by Petteys and agreed to by Stokoe who had never loaded hay into a box trailer. With Raney driving the trailer, Petteys directed the loading process. Stokoe operated a payloader to get the bales into the box trailer or close to it, enabling Petteys to use a metal skidloader to push the bales forward.* Immediately prior to Raney's death, Petteys directed Raney to exit the truck to assist him in repositioning the hay stacks. As Raney and Petteys were about to reposition the hay, a 900-pound bale fell from the stack atop the box trailer, causing Raney's death. An investigation by the Occupational Safety and Health Administration (hereinafter OSHA) resulted in the issuance of a citation and notification of penalty to Eastern for a "serious" violation.

Plaintiff commenced this wrongful death action against defendants, who commenced a third-party action against Eastern and Petteys. Defendants thereafter moved for summary

---

* Although Stokoe made a statement to an investigator with the Livingston County Sheriff's Department on the day of the accident that he was loading the bales of hay into the trailer with the payloader, he subsequently attempted to change that statement to assert that it was Petteys who was loading the bales of hay. The investigator refused Stokoe's request to amend his statement.

judgment, prompting plaintiff to cross-move for partial summary judgment on the issue of liability or, in the alternative, for leave to amend the complaint to allege concerted action liability by defendants and third-party defendants. Supreme Court denied both motions for summary judgment, as well as plaintiff's cross motion for leave to amend the complaint. This appeal ensued.

The threshold question in this negligence action is whether defendants owed plaintiff a duty of care (*see Church v Callanan Indus.*, 99 NY2d 104, 110-111 [2002]; *Darby v Compagnie Natl. Air France,* 96 NY2d 343, 347 [2001]). In general, landowners have a duty to act "in a reasonable manner to prevent harm to those on their property [and] . . . have a duty to control the conduct of third persons on their premises when they have the opportunity to control such persons and are reasonably aware of the need for such control" (*D'Amico v Christie,* 71 NY2d 76, 85 [1987], citing *Basso v Miller* 40 NY2d 233, 241 [1976] [citation omitted]). However, when an allegedly dangerous condition comes about from a contractor's own method and the owner exercises no supervisory control over that operation, liability will not be placed upon the owner under common-law principles (*see Comes v New York State Elec. & Gas Corp.,* 82 NY2d 876, 877 [1993]; *Dorr v General Elec. Co.,* 235 AD2d 883, 884 [1997]). Yet, "one who assumes to act, even though not obligated to do so, may thereby become subject to the duty to act carefully" (*Jansen v Fidelity & Cas. Co. of N.Y.,* 79 NY2d 867, 868 [1992]; *see Holling v Dawn M., Inc.,* 24 AD3d 1010, 1011 [2005], *lv denied* 7 NY3d 704 [2006]; *Castiglione v Village of Ellenville,* 291 AD2d 769, 770 [2002], *lv denied* 98 NY2d 604 [2002]).

Here, testimony revealed that Stokoe assisted Petteys and Raney by operating the farm's payloader during the hay loading process. Plaintiff's farming expert, William Field, opined that the accident was caused both by the methods used to load, stack and push the bales of hay as well as the payloader's forward motion moments before the injury. Viewing this evidence in a light most favorable to the nonmoving party (*see Pugh v DeSantis,* 37 AD3d 1026, 1030 [2007]), we find an issue of fact as to whether defendants' active participation in the loading process may have created a duty to plaintiff. For these reasons, summary judgment was appropriately denied to defendants (*see Traver v Valente Homes, Inc.,* 20 AD3d 856, 857 [2005]).

Next addressing plaintiff's cross motion for summary judgment on the issue of liability, there is evidence indicating that just before the bale fell, Raney was using a wooden post to exert pressure on the stacks of hay and that Stokoe may not have

loaded the bale that fell upon Raney; Stokoe's only involvement was under the direction of Petteys. Giving the same deference to defendants in evaluating this evidence (*see Pugh v DeSantis, supra* at 1030), we find an issue of fact to preclude an award of summary judgment to plaintiff.

Plaintiff also sought leave to amend her complaint to allege concerted action liability and for summary judgment on that basis. Leave to amend a complaint " 'should be freely granted in the absence of prejudice or surprise . . . except in situations where the proposed amendment is wholly devoid of merit' " (*Bast Hatfield, Inc. v Schalmont Cent. School Dist.*, 37 AD3d 987, 988 [2007], quoting *Berger v Water Commrs. of Town of Waterford*, 296 AD2d 649, 649 [2002]; *see* CPLR 3025 [b]). Here, defendants do not allege prejudice or surprise. Left with evidence that Petteys and Stokoe agreed to the manner in which the hay would be loaded, that both acted in accordance with that plan and that the plan constituted a "serious" violation of OSHA standards, we find sufficient merit to have allowed for this amendment (*see Harris v Stanley*, 21 AD3d 612, 613-614 [2005]). Yet, summary judgment on the ground of concerted action liability is not warranted.

Cardona, P.J., Spain, Carpinello and Rose, JJ., concur. Ordered that the order is modified, on the law, without costs, by reversing so much thereof as denied plaintiff's cross motion for leave to amend the complaint to allege concerted action liability; said cross motion granted; and, as so modified, affirmed.