■ PATRICIA A. LECLAIRE et al., Respondents, v FORT HUDSON NURSING HOME, INC., et al., Appellants. [861 NYS2d 436]—

Cardona, P.J. Appeal from an order of the Supreme Court (Hall, Jr., J.), entered April 5, 2007 in Washington County, which, among other things, granted plaintiffs' cross motion for leave to amend the complaint.

Plaintiff Patricia A. Leclaire (hereinafter plaintiff) and her husband, derivatively, commenced this action against defendants alleging, among other things, negligence in their care and treatment of plaintiff during her 2003 stay at defendant Fort Hudson Nursing Home while recovering from a hip replacement. In plaintiffs' subsequent bill of particulars, they specified that plaintiff suffered a broken hip when an employee of Fort Hudson Nursing Home improperly lifted her in a Hoyer lift, and further alleged, for the first time, that this conduct violated the Public Health Law.

Defendants moved to strike the Public Health Law claim from

the bill of particulars, arguing that plaintiffs failed to allege facts supporting that claim, or, in the alternative, that the claim is time barred. Plaintiffs then cross-moved to amend their complaint to specifically add a claim under Public Health Law § 2801-d. Supreme Court denied defendants' motion and granted plaintiffs' cross motion.

On this appeal, defendants contend that plaintiffs' Public Health Law claim is time-barred since the three-year statute of limitations expired before plaintiffs raised that claim in their bill of particulars or moved to amend their complaint. However, CPLR 203 (f) provides that a claim asserted in an amended pleading is deemed to have been interposed at the time of the original pleading if based upon the same occurrence alleged in the original pleading. Here, the Public Health Law claim simply adds a new theory of recovery arising from the same occurrence upon which the original claims are grounded; accordingly, Supreme Court did not err in determining that the proposed amendment related back to the time of the original complaint (*see Caffaro v Trayna*, 35 NY2d 245, 249-250 [1974]; *Secore v Allen*, 27 AD3d 825, 829 [2006]).

Defendants also claim that Supreme Court abused its discretion in permitting the proposed amendment. In that regard, we note that "[l]eave to amend pleadings rests within the trial court's discretion and shall be freely granted, unless the proposed amendment is wholly devoid of merit or the delay prejudices the [nonmoving party]" (*Fleming v Barnwell Nursing Home & Health Facilities*, 309 AD2d 1132, 1133 [2003]; *see* CPLR 3025 [b]; *Raney v Seldon Stokoe & Sons, Inc.*, 42 AD3d 617, 620 [2007]). Here, in support of their motion to amend the complaint, plaintiffs submitted the pleadings, the verified bill of particulars describing how the injury to plaintiff occurred, the amended complaint, and an affidavit from plaintiffs' counsel. Under the circumstances of this case, these documents, taken together, provide sufficient evidentiary support to permit the amendment (*see Bast Hatfield, Inc. v Schalmont Cent. School Dist.*, 37 AD3d 987, 988-989 [2007]). Furthermore, defendants have not demonstrated actual prejudice due to the delay. Depositions had not yet been taken at the time of Supreme Court's ruling (*see Fleming v Barnwell Nursing Home & Health Facilities*, 309 AD2d at 1133), and the remaining grounds for prejudice asserted by defendants, to the extent preserved, are lacking in merit. Accordingly, Supreme Court did not abuse its discretion in permitting the amendment.

Defendants' remaining contentions have been examined and found to be unpersuasive.

Spain, Carpinello, Malone Jr. and Kavanagh, JJ., concur. Ordered that the order is affirmed, with costs.