██ ANNA L. CASE et al., Appellants, v LINCOLN MOVING & STORAGE OF BUFFALO, INC., Respondent. [865 NYS2d 433]—

Appeal from an order of the Supreme Court, Erie County (Joseph R. Glownia, J.), entered October 10, 2007 in a personal injury action. The order granted the motion of defendant for summary judgment dismissing the complaint.

It is hereby ordered that the order so appealed from is unanimously affirmed without costs.

Memorandum: Plaintiffs commenced this action seeking damages for injuries sustained by Anna L. Case (plaintiff) when a bookcase in her office at the law firm where she was employed fell over and struck her. Plaintiff sustained a head injury that has prevented her from engaging in the practice of law since the accident, based on cognitive and memory deficits. The law firm where plaintiff was employed had hired defendant to move its furniture and other belongings to another building. Pursuant to the terms of their contract, the law firm was to complete "all necessary packing" of the individual offices prior to the move, whereupon defendant would transport all of the furniture and other packed items to the new office space. It is undisputed that, prior to the move, defendant distributed an "Office Moving Guide" pamphlet to the law firm employees detailing the labeling process and setting forth which items should be packed. The pamphlet also directed the attorneys to have all books removed from their shelves and packed in cartons, but it gave no particular safety instructions. An employee of the law firm had packed the items on the bookcase in plaintiff's office while plaintiff was out of the office, and the bookcase fell on plaintiff while she was packing personal items from her desk later that same day.

Supreme Court properly granted defendant's motion for sum-

mary judgment dismissing the complaint inasmuch as defendant met its burden of establishing as a matter of law that it owed no duty of care to plaintiff (*see generally Palka v Servicemaster Mgt. Servs. Corp.,* 83 NY2d 579, 584-585 [1994]). The contract between the law firm and defendant did not create such a duty, and defendant did not actively participate in packing plaintiff's office prior to the move (*cf. Raney v Seldon Stokoe & Sons, Inc.,* 42 AD3d 617, 619 [2007]). Defendant's pre-move inspection of the existing offices was undertaken solely to enable defendant to perform a cost estimate prior to entering into the contract with the law firm, and it thus cannot be said that the premove inspection created a duty on the part of defendant to ensure plaintiff's safety (*see Jansen v Fidelity & Cas. Co. of N.Y.,* 79 NY2d 867, 868-869 [1992]).

Contrary to plaintiffs' further contention, plaintiff was not a third-party beneficiary of the contract because the parties to the contract did not indicate that they "intended to confer a direct benefit on the alleged third-party beneficiary to protect [her] from physical injury" (*Bernal v Pinkerton's, Inc.,* 52 AD2d 760, 760 [1976], *affd* 41 NY2d 938 [1977]). We also reject plaintiffs' contention that defendant assumed a duty of care by launching an instrument of harm (*see Espinal v Melville Snow Contrs.,* 98 NY2d 136, 141-142 [2002]; *Moch Co. v Rensselaer Water Co.,* 247 NY 160, 168 [1928]). Pursuant to the contract, defendant was required only to move furniture and other packed belongings, and it is undisputed that plaintiff was not harmed as a result of that activity. Finally, we reject plaintiffs' further contention that defendant assumed the law firm's duty to ensure plaintiff's safety while plaintiff was at work. The contract was silent with respect to the issue of safety and thus did not encompass inspection of the bookcase after it was emptied (*cf. Palka,* 83 NY2d at 583-584). Present—Hurlbutt, J.P., Smith, Centra, Fahey and Gorski, JJ.