CoöPERATIVE CENTRALE RAIFFEISEN-BOERENLEENBANK B.A., "RABOBANK INTERNATIONAL," NEW YORK BRANCH, Appellant, v ATRADIUS CREDIT INSURANCE N.V. et al., Respondents. [51 NYS3d 63]—

Orders, Supreme Court, New York County (Jeffrey K. Oing, J.), entered on or about October 23, 2015, and on or about November 24, 2015, which granted defendants' motions to dismiss the complaint, unanimously affirmed, with costs.

The complaint fails to allege facts that would establish a special relationship in support of the causes of action for negligent misrepresentation, fraudulent concealment, and breach of fiduciary duty, separate from the parties' arm's-length contractual relationship under the insurance policy (see e.g. Kobre v United Jewish Appeal-Fedn. of Jewish Philanthropies of N.Y., Inc., 32 AD3d 218, 223 [1st Dept 2006], lv denied 7 NY3d 715 [2006]; Batas v Prudential Ins. Co. of Am., 281 AD2d 260, 264 [1st Dept 2001]; Jansen v Fidelity & Cas. Co. of N.Y., 79 NY2d 867 [1992]). Defendants' publicly available marketing materials and links to its website do not create a special relationship (see Batas, 281 AD2d 264; cf. Kimmell v Schaefer, 89 NY2d 257, 264-265 [1996] [defendants found to owe duty of care to plaintiffs where they provided projections for distribution to plaintiffs in particular]). Neither do the marketing materials' general assertions of defendants' experience and expertise in the area of credit risk management give rise to a special relationship (Gaidon v Guardian Life Ins. Co. of Am.,

255 AD2d 101, 102 [1st Dept 1998], *mod on other grounds* 94 NY2d 330 [1999]).

In support of the fraud cause of action, the complaint fails to allege facts that would establish reasonable reliance (*see Eurycleia Partners, LP v Seward & Kissel, LLP*, 12 NY3d 553, 559 [2009]). Plaintiff agreed, under Article 7B of the insurance policy, to exercise due care and diligence with respect to the underlying receivables transaction. Moreover, the documentary evidence submitted establishes that defendants' credit limit decisions and endorsements were merely prerequisites to coverage, and reflected the maximum credit limit that defendants were willing to insure.

We have considered plaintiff's remaining contentions and find them unavailing. Concur—Friedman, J.P., Sweeny, Moskowitz, Gische and Kapnick, JJ.